TIMOTHY F. SULLIVAN *vs.* JOHN R. WHITE, INC.

APRIL 10, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, Sweetland, and Vincent, JJ.

*(1) Exceptions. New Trial. Procedure.*

Under Gen. Laws, 1909, cap. 298, bills of exceptions are not in order for filing in the superior court and for certification to the supreme court until after all matters arising in the cause in the superior court have been determined,

and in case a motion for new trial is made by *either* party, not until after decision upon that motion.

The practice provided by statute is that all exceptions, taken by both parties, up to the end of the period within which exception may be taken to the final decision in the superior court shall be before the court for determination at one time.

·(2)  *Exceptions.  New Trial.  Procedure.*

·General Laws, 1909, cap. 298, § 17, provides that a party desiring to prosecute a bill of exceptions shall "within seven days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven days after notice of decision thereon file notice of his intention to prosecute a bill of exceptions."

Within seven days after a verdict for plaintiff, defendant gave notice of intention to prosecute a bill of exceptions.  Also within seven days plaintiff filed motion for new trial on the ground of inadequacy of damages.

*Held*, that defendant's notice was prematurely filed and should be refiled after decision of the court upon plaintiff's motion for new trial.

TRESPASS ON THE CASE.  Heard on motion of plaintiff to .assign defendant's bill of exceptions and denied.

SWEETLAND, J.  On December 12th, 1911, at the conclu-:sion of the trial of this case before a justice of the Superior Court sitting with a jury, a verdict was rendered for the plaintiff for $2,000.  Within seven days thereafter the defendant gave notice of its intention to prosecute a bill of ·exceptions to this court and within the time prescribed by said justice filed in the Superior Court a transcript of the testimony and also a bill of the exceptions taken by it in the travel of the case in said court.  Also within seven days after said verdict the plaintiff filed a motion for a new trial on the ground "that the amount of damages awarded by said verdict is grossly inadequate."  The said justice refused to decide the plaintiff's motion for a new trial until after the determination by this court of the defendant's bill of exceptions, and directed the clerk of the Superior Court to certify .and transmit the cause to this court upon the defendant's bill of exceptions.  Upon a hearing before us on the plaintiff's motion to assign the defendant's bill of exceptions for hearing, the defendant objected to such assignment on the .ground that the case is not properly in this court and should

not have been certified here until after a decision by the Superior Court upon the plaintiff's motion for a new trial.

(1)    The defendant's objection is well founded.    From a consideration of all the provisions of Chapter 298, Gen. Laws, 1909, for prosecuting bills of exceptions to this court, we are of the opinion that the procedure, intended by the statute, is that appellate proceedings from the Superior Court to this court shall not be taken by piecemeal; that bills of exceptions shall not be in order for filing in the Superior Court and for certification to this court until after all matters arising in the cause in the Superior Court have been determined; in case a motion for a new trial is made by either party, not until after the decision on that motion has been given by the Superior Court.    This provides an orderly practice and generally will expedite causes.    In the case at bar, it may well happen, that, if the decision upon the plaintiff's motion for a new trial be that the plaintiff have a new trial on the question of damages alone, the defendant will have another exception which it will desire to incorporate in its bill of exceptions and prosecute before this court.    If the plaintiff's motion for a new trial should be denied he might wish to bring to this court an exception to such decision.    Thus, if the defendant's present exceptions should be heard by us and the cause returned to the Superior Court, after the necessary delay incident to appellate proceedings, the case, probably would be certified here again upon another bill of exceptions. A more orderly practice, and the one provided by statute, is that all the exceptions, relied upon, taken by both parties up to the end of the period within which exception may be taken to the final decision in the Superior Court shall be before us for determination at one time.    In the case at bar, if the procedure provided by statute had been pursued, the whole matter might be before the Supreme Court at this time.    Under the statute the practice in motions for new trial is summary.    Such motion must be filed within seven days after verdict, and is in order for hearing or assignment upon the first motion day occuring next after three days.

During the session of the Superior Court in the counties of Providence and Bristol each Saturday is a motion day. Furthermore, it appears by the record of the case that the plaintiff's motion for a new trial was in order for hearing on January 13th, 1912.

Sec. 17, Chapter 298, Gen. Laws, 1909, prescribes as the initial step in the prosecution of a bill of exceptions to this court that the party, desiring to prosecute such bill, shall "within seven days after verdict or notice of decision, but if a motion for a new trial has been made then within seven days after notice of decision thereon, . . . file in the office of the clerk of the Superior Court notice of his intention to prosecute a bill of exceptions to the Supreme Court." The intent of this provision is, that if a motion for a new trial be filed in a case by either party thereto, then either party wishing to prosecute a bill of exceptions shall file said notice of intention after decision upon the motion for new trial, and within seven days thereafter. In the case at bar the defendant, perhaps, not finding it convenient or not deeming it prudent to wait until the last hour of the seven days after verdict filed its notice of intention to prosecute a bill of exceptions before it knew whether a motion for a new trial would be made by the plaintiff. Upon the seasonable filing of the plaintiff's motion for a new trial, however, the defendant's notice of intention to prosecute became of no account and such notice must be refiled after the Court's decision upon the plaintiff's motion for new trial.

We are led to hold that the defendant must thus refile its notice of intention to prosecute because upon the seasonable filing of such notice the statute prescribes the constant progress of such appellate proceedings. When they reach the final stage in the Superior Court they are forthwith sent to this court. If therefore a party be allowed, immediately after a verdict, to commence the prosecution of the exceptions taken by him up to that time, upon which he relies, without waiting for the final decision of the Superior Court, it would at times happen that a cause would be pending at the

same time in the Supreme Court upon exceptions and in the Superior Court upon a motion for a new trial. The construction that we have made is necessary if the proceedings are to harmonize with what we find to be a primary intent of the statute, that appellate proceedings in a cause are to follow the final action of the Superior Court therein. See *Malafronte* v. *Milone*, 33 R. I., 460.

We are of the opinion in the case at bar that the defendant's notice of intention to prosecute a bill of exceptions was prematurely filed and that all proceedings based thereon should be disregarded. The justice of the Superior Court should have heard and decided the plaintiff's motion for a new trial.

The plaintiff's motion to assign is denied; and the cause will be returned to the Superior Court as not ready for certification.

*Cooney & Cahill*, for plaintiff.
*Gardner, Pirce & Thornley*, for defendant.
*William W. Moss*, of counsel.