### SAMUEL FUDIM *vs.* BENJAMIN KANE *et al.*

MAY 27, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Default.  Bill of Exceptions.  Premature Certification.*

In an answered case defendant was called and defaulted, but damages were not assessed.  Subsequently defendant moved that the default be removed which motion was denied.  Defendant excepted and without waiting for entry of final decision filed their bill of exceptions.

*Held,* that the bill of exceptions was prematurely filed and certified, since a decision upon damages was the *final decision* in the case to which either party might except and after which a party who had taken exceptions might for the first time prosecute a bill of exceptions.

ASSUMPSIT.  Certified on bill of exceptions and returned as prematurely certified.

SWEETLAND, C. J.  This is an action of the case in assumpsit.

In the Superior Court the case was answered by the defendants and assigned for trial November 6, 1925.  On that day the defendants did not appear, were called, and the case was defaulted.  The plaintiff's damages were not assessed on that day and have not been subsequently.  On November 20, 1925, the defendants moved that the default entered against them be removed.  After hearing, this motion was denied by a justice of the Superior Court on

January 18, 1926. To this ruling the defendants excepted, and thereafter, without waiting for the entry of final decision in the case, filed their bill of exceptions which has been certified to this court.

The defendants' bill of exceptions was prematurely filed and certified. After default the case would not reach a final decision until the Superior Court had heard and determined the question of damages.

In *Gregson* v. *Superior Court*, 46 R. I. 362, the court followed the reasoning in the previous cases of *Lavelle* v. *Kimball*, 18 R. I. 786; *White* v. *Eddy*, 19 R. I. 108, and *Dorney* v. *Ives*, 36 R. I. 276, and recognized the distinction pointed out in those cases between the statutory proceeding for judgment which is to be followed in a *nil dicet* case, and in one which is defaulted after answer. In *Gregson* v. *Superior Court, supra,* we held that in the latter type of defaulted cases judgment should not be entered until seven days after decision on the question of damages. Such a decision upon damages becomes the final decision in the case to which either party may except, and after which a party, who has taken exceptions, may for the first time give notice under the statute and proceed to prosecute a bill of exceptions.

In a long line of cases, of which those cited below make but a partial list, the court has held it to be the intent of the statute that appellate proceedings from the Superior Court to this court by bill of exceptions shall not be taken piecemeal, and that the filing of such bill shall await the entry of final decision in the case, after which within the time prescribed by statute a party may embody in one bill all of the exceptions taken by him throughout the travel of a cause in the Superior Court, upon which he still relies. *McDonald* v. *Providence Telephone Co.*, 27 R. I. 595; *Ainley* v. *Ainley*, 29 R. I. 33; *Wilcox* v. *White*, 29 R. I. 448; *Malafronte* v. *Milone*, 33 R. I. 460; *Sullivan* v. *White*, 34 R. I. 61; *Sanitary Oyster Co.* v. *Merwin*, 34 R. I. 381; *Hicks* v. *Lee*, 37 R. I. 251; *Troy* v. *Providence Journal Co.*, 43 R. I. 22;

*Chew* v. *Superior Court*, 43 R. I. 194; *Pawtucket Cabinet Co.*
v. *People Ex. Line*, 45 R. I. 426.

The papers in the case are ordered to be returned to the
Superior Court for further proceedings in that court.

*Wilson, Churchill & Curtis, Harold R. Curtis*, for plaintiff.
*Robinson & Robinson, McGovern & Slattery*, for defendants.