*George Helford and Frank H. Bellin*, for complainants.
*Bennie Cianciarulo*, for respondents.

ISABELLA G. BURNS *vs.* ROBERT E. BURNS.

DECEMBER 5, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. Petitioner filed a petition in the Superior Court praying for divorce from bed and board and that she be awarded separate maintenance out of the estate of the respondent. The respondent filed a cross-petition praying

for an absolute divorce. After hearing the parties the court immediately rendered decision denying the cross-petition and granting the petition on the ground of neglect to provide. The attorney for the petitioner then stated that the question of separate maintenance might go over until Fall on the question of the amount and that payments be continued under an existing order. No objection was made to this suggestion by respondent's attorney.

Respondent immediately took an exception to the decision of the court and subsequently filed a bill of exceptions alleging as the principal ground therefor that the court erred in granting the prayer of the petitioner. The bill was allowed by the trial justice and the cause was certified to this court. Petitioner has moved to dismiss the bill of exceptions on the ground that it was prematurely filed inasmuch as the amount of the separate maintenance to be awarded her was left for future determination and consequently a final decision had not been rendered from which a bill of exceptions would lie.

It is settled that a bill of exceptions will lie only to a final decision. *Pawtucket Cabinet &c. Co.* v. *Peoples Ex. Line, Inc.,* 45 R. I. 426, citing cases; also *Malafronte* v. *Milone,* 33 R. I. 460; *Sullivan* v. *White,* 34 R. I. 61; *Mediros* v. *Arter,* 46 R. I. 87; *Fudim* v. *Kane,* 47 R. I. 357. The principle established by these cases is that a bill of exceptions cannot be filed until decision has been made on all of the issues in the case. One of the important issues in this cause is the amount of the separate maintenance, if any, to be assigned by the court out of the estate of respondent. Until this issue has been decided it cannot be said that final decision has been rendered upon the prayer of the petitioner. A decision to be final must be complete, that is, leave nothing further to be litigated between the parties.

Respondent contends that petitioner waived the right to object to the filing of the bill of exceptions by neglecting to object to its allowance by the trial justice. This contention cannot be allowed as the question is one of jurisdiction of

this court. *Sanitary Oyster C. & C. Co.* v. *Merwin*, 34 R. I. 381. The right of appeal is statutory and the appellant must conform to the statute,—and the parties cannot confer jurisdiction on the court by consent or waiver, 15 C. J. 802; 7 R. C. L. 1039, and this court will dismiss a bill of exceptions of its own motion when it appears that the bill has been prematurely filed. *Fudim* v. *Kane, supra; Mediros* v. *Arter, supra.* This is in accord with the general rule. 15 C. J. 852; 7 R. C. L. 1042.

It clearly appears that the bill of exceptions was prematurely filed and certified. The motion to dismiss the same is granted, without prejudice, and the cause is remitted to the Superior Court for further proceedings.

*Alexander L. Churchill, Peter Leo Cannon,* for petitioner.
*Cooney & Cooney,* for respondents.