IN THE MATTER OF ESTATE OF LUCY WORTHAM JAMES.

FEBRUARY 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This case is a probate appeal to the superior court for the county of Newport from a decree of the probate court of the city of Newport denying a petition by William Alfred Bowles that an administrator of the estate of Lucy Wortham James be appointed.

The case was partially heard before a justice of the superior court, sitting without a jury, and he then entered a decision comprising certain findings and also entered a decree and continued the case for further hearing later on. The appellees at once took certain exceptions; and within ten days thereafter, and before any further proceedings had been taken, they filed a bill of exceptions, setting forth a number of exceptions as having been taken by them at the hearing.

On presentation to the trial justice of this bill of exceptions and a transcript of the proceedings at the hearing, he disallowed the bill as being premature and declined to allow the transcript. Thereupon the case and the papers therein were certified to this court by the clerk of the superior court, in accordance with general laws 1938, chapter 542, § 9; and the case is now before us on the question of the truth of the exceptions and transcript filed by the appellees. It is also before us on the oral motion of the appellants to dismiss the bill of exceptions on the ground that it had been filed prematurely.

Our opinion which was written by Mr. Justice Condon in the *certiorari* proceeding entitled "In the Matter of Estate of Lucy Wortham James, 64 R. I. 144", and which is filed with this opinion, sets forth fully the nature of this case and the proceedings in it in the superior court previous to the filing of the bill of exceptions now before us. That opinion also sets forth the findings and orders which were made in this case by the trial justice in his written decision and incorporated in a decree entered by him on July 5, 1939, and which include the findings and orders that are relied upon as final by the appellees in this matter now before us.

The first of these findings and orders that are thus relied on by the appellees as final are the finding and order by which the trial justice adjudged that the appellees were guilty of contempt of court in failing to produce the orig-

inal will of Lucy Wortham James. The only others of these findings and orders that are thus relied on by the appellees as final are the finding and order by which they were enjoined from transferring, exchanging, selling, pledging, or delivering any part of the estate to any person until further order of the court and from attempting to convey, exchange, sell, or deliver any real estate or personal property, tangible or intangible, which is a part of the estate, whether within or without the borders of this state.

In the opinion above mentioned we held that the finding and order first-above described were not final, because in them, although the appellees were all adjudged by the superior court to be in contempt, they were permitted to purge themselves of such contempt by filing in the probate court of the city of Newport, on or before September 15, 1939, the original will and codicils thereto of Lucy Wortham James, and no penalty for such contempt was imposed, and the matter was continued, for hearing on what penalty, if any, should be imposed, to the second Monday in October 1939, to which date the whole case was continued for hearing and decision on its merits.

It seems clear to us that the above finding and order have no more finality for the purposes of the instant case than for the purposes of the *certiorari* proceeding. Hence, assuming that an exception was properly taken to such finding or to such order or to each of them, it is our opinion that such finding and order did not constitute such a decision as to come within the meaning of the word "decision" as used in general laws 1938, chapter 542, § 5, formerly G. L. 1923, chap. 348, sec. 17, (G. L. 1909, chap. 298, sec. 17) wherein it is provided that the prosecution of a bill of exceptions to the supreme court may be begun by filing, "within 7 days after verdict or notice of decision", a notice of intention to prosecute such a bill.

It is well settled by a uniform series of opinions by this court that the word "decision", as thus used in the statute above cited and quoted from, means a *final* decision. *State* v. *Ryan*, 64 R. I. 92, 10 A. 2d. 451; *Metcalf* v. *Interstate Transit Corp.*, 61 R. I. 486; *Burns* v. *Burns*, 49 R. I. 421, 143 A. 697; *Fudim* v. *Kane*, 47 R. I. 357, 133 A. 351; *Sullivan* v. *White*, 34 R. I. 61, 82 A. 724. We hold that the above finding and order in the instant case did not constitute such a decision as the statute requires before a bill of exceptions may be filed, if there has been no verdict.

The finding and order for an injunction also were held by us in the *certiorari* proceeding to be not final and we now hold them likewise to be not final for the purposes of the instant case. The injunction was ordered by the superior court and incorporated in its decree, "until the further order of this court", and was clearly interlocutory in character.

Therefore, following the rule above stated as to *when* a bill of exceptions may be filed, and assuming, for the purposes of this opinion, that the exception was properly taken to such finding and order, it is our opinion that the finding for and the ordering of the injunction in the instant case did not constitute a final decision within the meaning of the above statutory provision regulating the filing of a bill of exceptions.

Therefore, assuming that all the exceptions stated in the appellees' bill of exceptions now before us were properly taken, we find that it was prematurely filed and that for this reason it should be dismissed, upon the motion of the appellants. *State* v. *Ryan, supra.*

The appellants' motion to dismiss the appellees' bill of exceptions is granted, the appellees' bill of exceptions is

dismissed without prejudice and the case is remitted to the superior court for further proceedings.

*Sheffield & Harvey, Tillinghast, Collins & Tanner, J. Russell Haire, Harold E. Staples,* for appellees.

*Cornelius C. Moore, Charles H. Drummey,* for appellants.