[Civ. No. 18171.   First Dist., Div. Two.   June 26, 1958.]

CITY AND COUNTY OF SAN FRANCISCO, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; ANGELO GIORGI et al., Real Parties in Interest.

Dion R. Holm, City Attorney, George P. Agnost, Donald J. Garibaldi and William E. Mullins, Deputy City Attorneys, for Petitioner.

No appearance for Respondents.

Hoberg & Finger and Philip E. Brown for Real Parties in Interest.

DRAPER, J.—This petition for writ of prohibition deals with discovery proceedings in a pending action for personal injuries. In that action, Mr. and Mrs. Giorgi (real parties in interest herein) are plaintiffs and petitioner city and county is the sole defendant. The complaint alleges that a municipal bus was so negligently operated as to cause it to collide with the Giorgi automobile from the rear, injuring Mrs. Giorgi and damaging the car. The answer denies negligence and alleges contributory negligence.

Plaintiffs took the deposition of the bus driver, who is not a party to the action. He testified that immediately after the accident he took the names and addresses of two passengers on the bus and, at the end of the day, delivered to his dispatcher the memorandum bearing these names and addresses, which was later forwarded to the city attorney. At the time

of his deposition, the driver did not remember either the names or the addresses. Plaintiffs served upon defendant written interrogatories (Code Civ. Proc., § 2030) concerning these two witnesses. Defendant filed its written objections (Code Civ. Proc., § 2030, subd. (a)) to the interrogatories upon the sole ground that the information sought is within the attorney-client privilege (Code Civ. Proc., § 1881, subd. (2)). After hearing, the court announced that it would make its written order directing defendant to answer one interrogatory, that seeking the names and addresses of the two passenger-witnesses. The minutes recite "ordered (defendant) to answer questions." Before written order was signed, defendant filed this petition for writ restraining enforcement of the order.

■ An order to answer is not appealable and prohibition is the proper remedy. (*Holm* v. *Superior Court,* 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722].) ■ Where, as here, the question has been determined and minute order entered, the mere fact that application for the writ preceded formal signing of a written order does not prevent recourse to the remedy of prohibition. (See *Lankton* v. *Superior Court,* 5 Cal.2d 694, 697 [55 P.2d 1170].)

■ The purpose of the attorney-client privilege is to encourage complete disclosure by client to attorney. (*Holm* v. *Superior Court, supra.*) ■ But, since the privilege suppresses relevant facts, it is strictly construed. (*City & County of San Francisco* v. *Superior Court,* 37 Cal.2d 227, 234 [231 P.2d 26, 25 A.L.R.2d 1418], and cases cited therein.)

■ The order here in question does not require inspection of any statement, nor does it direct revelation of the contents of the statement of any witness or party. It requires only that defendant give to plaintiffs the names and addresses of two witnesses.

It is conceded that the information sought would not be privileged if remembered by the bus driver who secured it. It seems equally obvious that, if he refreshed his recollection by looking at his own memorandum now in the hands of the city attorney, he could be compelled to answer from such refreshed recollection. At this stage of the proceedings, we must assume some merit in plaintiffs' claim that they suffered injury as a result of the busman's driving deficiencies. We see no reason to hold that prosecution of their case should also suffer because of his defects of memory.

Defendant relies strongly upon *Holm* v. *Superior Court, supra,* 42 Cal.2d 500. But that case is readily distinguishable.

There a plaintiff sought the right to examine defendant.bus driver's statement to the attorney representing both him and the city, his employer, in the pending litigation, and also sought to view photographs taken by city agents following the accident. The driver's statement sets forth "his version of the accident" (p. 504) and thus clearly is at the very heart of the attorney-client privilege. Obviously, the photographs were treated as within the same category. There plaintiff sought to have the communications themselves opened to his full inspection. In the case at bar, plaintiffs do not seek to examine any communication. They ask nothing about any mental process or rationalization, favorable or unfavorable, communicated by the city's employee to the city attorney. They seek only a simple fact, wholly unrelated to any observation, thought process or admission of the driver relating in any way to the occurrence of the accident. Thus the content of the memorandum is wholly distinct from that in Holm, and here, unlike the situation in Holm, there is no attempt to secure or inspect the communications as such.

We conclude that the names and addresses of the two bus passengers are not privileged. Thus, it is unnecessary to consider petitioner's contention that there is conflict between the provision permitting discovery of "the identity and location of persons having knowledge of relevant facts" (Code Civ. Proc., § 2016, subd. (b), as incorporated by reference in § 2030, subd. (b)), and the final sentence of the same section proscribing construction of the act "to change the law of this State with respect to the existence of any privilege." Since the names and addresses are specifically within the scope of the inquiry authorized by the statute, and are not privileged, the trial court properly ordered defendant to answer the interrogatory.

At oral argument, petitioner leaned heavily upon the provision that the discovery act shall not be construed to "incorporate by reference any judicial decisions on privilege of any other jurisdiction" (§ 2016, subd. (b)), apparently arguing that this language bars consideration by California courts of decisions of other jurisdictions. We do not so construe the act. Rather, this provision merely negatives application of the usual rule that, when a statute of another jurisdiction is adopted in California, it is presumed to have been adopted with the construction given to it by the judicial decisions of that jurisdiction. (23 Cal.Jur. 794-795.) Thus the language does not bar consideration of the reasoning

of other courts. It provides only that their decisions shall not be binding in California, and leaves our courts free to consider those decisions for such persuasive value as their reasoning may have.

With apparent inconsistency, petitioner also argued that the effect of the statute is to adopt the decisions of one jurisdiction which broadly extends the attorney-client privilege. This argument is answered by the very statutory language relied upon by petitioner. We have reviewed the Ohio decisions cited by petitioner and the federal cases cited by real party in interest. We do not find it necessary to discuss those cases, as we find the decision of our own Supreme Court in *Holm* v. *Superior Court, supra,* 42 Cal.2d 500, adequate to dispose of the issue raised upon the particular facts of the case at bar.

The writ is denied and the alternative writ discharged.

Kaufman, P. J., and Dooling, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied August 21, 1958.