[Civ. No. 23834.   Second Dist., Div. One.   May 27, 1959.]

RUTH UNGER, Respondent, v. LOS ANGELES TRANSIT LINES (a Corporation) et al., Appellants.

Richards, Watson, Smith & Van Petten and David S. Smith for Appellants.

Frank Alef for Respondent.

FOURT, J.—The matter before this court at this time is the motion of the plaintiff to dismiss the appeal of the defendants.

Chronicled, the following occurred:

(1) Plaintiff filed an action on October 17, 1957, against the defendants for damages on account of personal injuries received, and arising out of an accident which occurred on June 13, 1957.

(2) Answer of Los Angeles Transit Lines was filed November 1, 1957.

(3) Plaintiff served three written interrogatories on Los Angeles Transit Lines on March 3, 1958, wherein she sought

the names and addresses of the witnesses to the accident known to Los Angeles Transit Lines (not the accident reports or statements of witnesses or any writings).

The first interrogatory sought to have the defendants:

(a) state names and addresses of all persons now known to you or to any employee, agent or officer who were passengers on the bus from which plaintiff alighted on June 13, 1957, and who were in the bus at the time plaintiff alighted therefrom;

(b) state names and addresses of all persons now known to you, or to any employee, agent or officer, who saw plaintiff fall while or after alighting from the bus at the time above set forth;

(c) state names and addresses of all persons now known to you, or to any employee, agent or officer, who have any information regarding the accident and indicate the information that they have. (See *City & County of San Francisco* v. *Superior Court*, 161 Cal.App.2d 653 [327 P.2d 195] [petition for hearing denied by Supreme Court].)

(4) Appellant served purported answers to the interrogatories on March 24, 1958, wherein it was set forth that such matters were "privileged."

(5) On April 8, 1958, respondent served a notice of motion for an order compelling the Los Angeles Transit Lines to answer the interrogatories.

(6) On April 23, 1958, the Los Angeles Transit Lines served affidavits and points and authorities in support of its claim of privilege, and on April 28, 1958, the plaintiff filed a counter-affidavit in opposition to such claim of privilege.

(7) On April 28, 1958, the motion was heard and on May 1, 1958, the court granted plaintiff's motion as to the first two interrogatories, and denied the motion as to the third interrogatory. (The judge prepared and filed an extensive memorandum setting forth the reasons and the authorities for the order.)

(8) Thereafter Los Angeles Transit Lines gave notice of motion that it would request the court, (a) to reconsider the order, (b) to vacate the order, (c) to strike the interrogatories, and (d) order that the defendants need not answer the interrogatories. The motion was heard on June 2, 1958, and was denied.

(9) On June 16, 1958, the plaintiff gave notice of a motion for an order to strike the answer of the defendant and render a judgment by default in favor of plaintiff and against the defendant Los Angeles Transit Lines, upon the grounds that

the Los Angeles Transit Lines refused to obey the order of the court made on May 1, 1958, to answer the interrogatories. The defendant opposed the motion. On June 23, 1958, the motion to strike the answer was granted, and the default of Los Angeles Transit Lines was ordered entered.

(10) On September 5, 1958, the defendant filed a notice of motion and motion to set aside default and to vacate the order striking the answer, and to restore the answer. The motion was heard on September 22, 1958, and on November 5, 1958, it was denied. (The judge filed a comprehensive memorandum wherein, with considerable detail and statement of authorities, he set forth the reasons for his ruling.)

(11) The defendant, on November 12, 1958, filed a notice of motion to reconsider the motion to set aside the default and to vacate the order striking the answer and to reinstate such answer. The motion to reconsider was granted. On December 8, 1958, the motion to reinstate the answer was denied. (The judge filed a memorandum wherein he set forth with clarity the authorities and his reasons for making the order.)

(12) On December 10, 1958, the defendant filed a notice of motion (to reconsider motion to set aside default and to vacate order striking answer), such motion to be heard on December 26, 1958. The matter was continued to January 12, 1959, and later ordered off calendar.

(13) On December 29, 1958, the defendant filed a notice of appeal from the following orders:

(a) denying defendant's motion for orders to vacate and set aside default;

(b) denying defendant's motion to vacate order striking defendant's answer;

(c) denying defendant's motion to restore its answer.

■ The plaintiff-respondent asserts that the appeal is taken from orders which by law are not appealable, and that this court does not have jurisdiction or authority to review said orders. As authority for such view, the following cases are cited: *Kester Motors, Inc.* v. *Haddad,* 109 Cal.App.2d 369 [240 P.2d 1011] ; *Foley* v. *Foley,* 120 Cal. 33 [52 P. 122, 65 Am.St.Rep. 147] ; *Sherman* v. *Standard Mines Co.,* 166 Cal. 524 [137 P. 249] ; *Pickerill* v. *Strain,* 196 Cal. 683 [239 P. 323]. The appellant's counsel, with commendable fairness, stated at the oral argument, ''I happen to think that the motion is well taken.''

The defendant-appellant points out that there apparently is no appellate decision in this state holding, in effect, that

where a default is ordered by a trial court under the discovery proceedings, the same rules apply with regard to appeal; namely, that the appeal is from the judgment subsequently entered, and not from the order refusing to vacate the default.

We find no statutory distinctions as to the origin of the default.

Clearly, under section 963, Code of Civil Procedure, the orders appealed from are not appealable orders.

The motion to dismiss the appeal is granted.

Appeal dismissed.

White, P. J., concurred.