[Civ. No. 19437.   First Dist., Div. Two.   Oct. 18, 1960.]

TRADE CENTER PROPERTIES, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; CHARLES SCHONFELD et al., Real Parties in Interest.

410

Ralph Leon Isaacs and Albert J. McGuire for Petitioner.

No appearance for Respondents.

Jay Jackson for Real Parties in Interest.

DRAPER, J.—By this proceeding in mandamus, petitioner seeks to compel the trial court to permit taking of the deposition of opposing counsel.

Petitioner, as plaintiff, brought an action against Charles and Sidney Schonfeld for services allegedly rendered in procuring a loan from W. O. Files and Company. Defendants' attorney then took a statement from the president of W. O. Files and Company. Petitioner secured issuance of a subpoena duces tecum requiring defendants' attorney to appear for the taking of his deposition and to bring with him copy of the Files' statement, "together with copies of any and all records and documents used or examined" during the taking

of that statement. Defendants moved for an order that the deposition not be taken (Code Civ. Proc., § 2019, subd. (b)(1)). The motion was granted, and this petition for writ of mandate was filed. Because the issue appeared to be of general interest, and had not been determined by an appellate court of California, we issued an alternative writ.

Defendants in the pending action, real parties in interest here, first argue that any and all information obtained by their attorney from Files is within the attorney-client privilege. The contention reveals a gross misunderstanding of that privilege. It extends only to "any communication made by the client to" his attorney. Files, who was either the lender or an independent contractor procuring the loan as a broker and for a commission, is not a party to the pending action nor the client of defendants' counsel. No conceivable extension of the broadest view of the language of prediscovery cases relied upon by real parties in interest (see *Holm* v. *Superior Court,* 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722]) can extend the attorney-client privilege to the communications of the independent nonparty witness here involved.

However, sound reasons of policy support the trial court's determination that the deposition of opposing counsel should not be taken. The confusion which would result from attempted use at trial of an attorney's statement as to what was said by a witness interviewed by him is cogently described in the concurring opinion of Mr. Justice Jackson in *Hickman* v. *Taylor,* 329 U.S. 495, 516-517 [67 S.Ct. 385, 91 L.Ed. 451].

What petitioner here seeks is the right to take the deposition of his adversary's attorney upon matters pertaining to the latter's preparation for trial. Whether to protect the work product of that attorney or to restrict the picking of his brains, the court clearly should bar such a proceeding except upon a showing of extremely good cause. No such showing is here made. On the contrary, it is clear that Files has responded freely to interviews by petitioner's counsel, and remains available for further interview, or for deposition if required. Lacking strong elements of good cause, it would seem an abuse of discretion for the trial court to refuse an order that the deposition not be taken.

We do not adopt in its entirety the rule of *Hickman* v. *Taylor, supra.* Some of its implications as to limitations upon the attorney-client privilege are of doubtful application in California. Our Discovery Act (Code Civ. Proc., § 2016, subd.

(b)) does not bar our consideration of federal decisions for such persuasive value as their reasoning may have (*City & County of San Francisco* v. *Superior Court,* 161 Cal.App.2d 653, 655-657 [327 P.2d 195]). The reasoning of Hickman is well-nigh conclusive as to the need for restrictions upon taking the deposition of opposing counsel. ■ We impose such restriction with full recognition of the rule that the Discovery Act is to be liberally construed (*Grand Lake Drive In* v. *Superior Court,* 179 Cal.App.2d 122, 129 [3 Cal.Rptr. 621]; *Laddon* v. *Superior Court,* 167 Cal.App.2d 391, 395 [334 P.2d 638]; *Grover* v. *Superior Court,* 161 Cal.App.2d 644, 648 [327 P.2d 212]) and in the conviction that the restraint here announced will further the true purposes of the act.

Petitioner, in argument and memoranda, seems to seek a direction to the trial court to permit inspection of the statement given by Files to defense counsel. But he made no application for such an order in the trial court. Neither there nor here does he invoke the appropriate code section (Code Civ. Proc., § 2031, subd. (a)) under which such inspection must be sought. Hence there is no basis for any action by us upon that issue.

Peremptory writ denied and alternative writ discharged.

Kaufman, P. J., and Shoemaker, J., concurred.