94 Ariz. 131 (1963)
382 P.2d 239
Edward RUEDA and Rosario Rueda, husband and wife, Appellants,
v.
Maria GALVEZ, wife of F. Galvez, Appellee.
No. 7268.
Supreme Court of Arizona. In Division.
May 29, 1963.
*132 Jose del Castillo, Tucson, for appellants.
Healy, Laubscher & Dickerson, Tucson, for appellee.
JENNINGS, Justice.
The appellee Maria Galvez brought an action against appellants Edward and Rosario Rueda, seeking possession of certain real property and other affirmative relief. Appellants failed to answer within the time required by law and their default was subsequently entered by the clerk of the superior court. Three days thereafter appellants moved to set aside the default. This motion was denied and appellants appealed from the order denying their motion. No judgment was entered upon the default.
Although the parties have not questioned the jurisdiction of the Court to hear this appeal, we must nevertheless pass upon the Court's power to accept it. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961). With certain exceptions not here pertinent, the power of this Court to review judgments of the superior courts is limited by A.R.S. § 12-2101(B) to appeals "from a final judgment." Review of orders is limited by A.R.S. § 12-2101(D) to appeals from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."
After a motion to set aside entry of default has been denied it remains for the trial court to conduct hearings, when appropriate, to determine the amount of damages or to establish the truth of any averment, *133 and to enter judgment upon the default. Ariz.R.Civ.Proc. 55(b), 16 A.R.S. An order denying a motion to set aside default entered by the clerk of the superior court is in no sense a final judgment. Nor does such order determine the action so as to prevent entry of judgment upon the default. Therefore, the order is not appealable. Unger v. Los Angeles Transit Lines, 170 Cal. App.2d 706, 339 P.2d 586 (1959); Garcia v. Thompson, 137 Colo. 231, 323 P.2d 280 (1958); Hope v. Hudgins, 98 Ga. App. 856, 107 S.E.2d 252 (1959) (dictum); Fudim v. Kane, 47 R.I. 357, 133 A. 351 (1926).
The appeal is dismissed.
STRUCKMEYER and LOCKWOOD, JJ., concur.