**Joseph J. ANUSZEWSKI,**

v.

**Alfred C. TOEPFER,**

v.

**BALTIMORE STEVEDORING CO., Inc.**

Civ. A. No. 19674.

United States District Court
D. Maryland.

Jan. 5, 1970.

Bernard J. Sevel, Baltimore, Md., for plaintiff.

Richard R. Jackson, Jr., Ober, Grimes & Shriver, Baltimore, Md., for defendant and third-party plaintiff.

Eugene A. Edgett, Jr., Baltimore, Md., for third-party defendant.

NORTHROP, District Judge.

Plaintiff, a longshoreman, brought this action under Federal Rule 9(h) for personal injury sustained in the course of his employment aboard a ship owned by the defendant. The defendant, in turn, impleaded the stevedoring company which employed the plaintiff and which was engaged in work on the ship at the time of the accident. After the third-party defendant had answered the third-party complaint, the plaintiff served interrogatories upon it pursuant to Federal Rule 33. The third-party defendant has objected to the interrogatories on the grounds that it is not an "adverse" party. The time for filing memoranda in opposition to the objection having passed and no hearing having

been requested by the parties, this court proceeds to rule on the objection. *See* D.Md.R. 6.

Federal Rule 33 provides: "Any party may serve upon any adverse party written interrogatories * * *." Courts have generally held that "the formal pleadings control, that is to say parties are adverse if there is an issue between them," and, in the area of third-party practice, "the plaintiff and the third-party defendant are not 'adverse' unless the third-party defendant answers the complaint in the original action, or the plaintiff amends the complaint to state a claim against the third-party defendant." 4 J. Moore, Federal Practice ¶ 33.06, at 2279 (2d ed. 1969). Prior to the unification of civil and admiralty procedure, this court had held that Admiralty Rule 56 required an impleaded respondent to answer the libel and that, if in answering the libel it challenged libelant's position, the impleaded respondent would have to answer libelant's interrogatories. *See* Felder v. Skibs A/S Idaho, 225 F.Supp. 571 (D.Md.1964). Under the unified procedure, however, the third-party defendant is no longer required to answer the complaint in all admiralty cases. Federal Rule 14(c), which outlines the third-party practice in cases where the plaintiff designates his claim as an admiralty and maritime claim under Federal Rule 9(h), provides:

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Therefore, there is no assurance that the stevedoring company, third-party defendant, will be "adverse," given the generally accepted definition of the term. However, in a case where the third-party plaintiff did not avail himself of the special provision for requiring the third-party defendant to answer the complaint, this court held that, where the third-party defendant pleaded contributory negligence on the part of the plaintiff as an affirmative defense in its answer to the third-party complaint, the third-party defendant was "adverse" to the plaintiff and should be compelled to answer the plaintiff's interrogatories. Smallwood v. Waywiser Nav. Corp., Civ. No. 19277 (D.Md. Oct. 27, 1969); *accord,* Carey v. Schuldt, 42 F.R.D. 390 (E.D.La.1967). Thus this court has taken the position that parties need not have exchanged pleadings to be "adverse." However, to this point, this court has continued to require that the parties have assumed opposite positions on a legal or factual issue involved in the case, like contributory negligence. *See* Smallwood v. Waywiser Nav. Corp., *supra.*

In this case, however, the third-party defendant has only denied that the injury resulted from negligence on its part and, as an affirmative defense, asserted that the injury was the result of negligence on the part of the third-party plaintiff. It has not joined issue with the plaintiff in his allegation of due care on his part. Thus the plaintiff and the third-party defendant have not assumed opposing positions on a legal or factual issue. This court, however, does not believe that such opposing stances

on an issue are necessary to render the parties "adverse" within the meaning of Rule 33.

As was generally pointed out in Carey v. Schuldt, 42 F.R.D. 390 (E.D.La. 1967), the stevedoring company commonly impleaded in such cases has a vital interest in defeating or minimizing the plaintiff's recovery. The stevedoring company is, in many cases, hard pressed to defeat the third-party claim once judgment is rendered in favor of the longshoreman, since the shipowner's defense is frequently based on the testimony of the employees of the stevedoring company. Under those circumstances, it is in the stevedoring company's interest to defeat or minimize the plaintiff's recovery in the first instance, rather than simply in defense of the third-party claim. This adverse interest, this court believes, is sufficient to render the stevedoring company an adverse party within the meaning of Federal Rule 33.

This construction is consistent with the policy that the Federal Rules be given "a liberal, nontechnical application." Schlagenhauf v. Holder, 379 U.S. 104, 116, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). It also reflects a view espoused by many critics that there is no good reason to restrict the application of Federal Rule 33 to "adverse" parties, particularly in light of the fact that the same information can be obtained by either the plaintiff or the third-party defendant by means of written interrogatories under Rule 31 without regard to whether they are in any sense "adverse." *See* Carey v. Schuldt, 42 F.R.D. 390, 396 (E.D.La.1967); 4 J. Moore, Federal Practice ¶ 33.06, at 2284–85 (2d ed. 1969).

This result, moreover, promotes the purpose of the discovery procedures of the Federal Rules to provide an economical means of clarifying the facts of a case prior to trial. Information regarding the circumstances surrounding an injury to a longshoreman sustained in the course of his employment is usually more readily accessible to the stevedoring company than to the shipowner. The ship will probably be manned by only a skeleton crew during loading or unloading operations and that crew frequently has only second-hand knowledge of the accident. The stevedoring company, on the other hand, frequently has employees on the scene. Moreover, the stevedoring company may well have investigated the accident in conjunction with its liability under the Longshoremen's and Harbor Workers' Compensation Act and thus have much of the requested information already at hand. It will know which of its employees were on the job on which plaintiff was injured and which of them have valuable information. Under those circumstances, the stevedoring company is in a position to supply requested information most economically.

The third-party defendant's objection to the plaintiff's service of interrogatories upon it is overruled.