[Civ. No. 38559. Second Dist., Div. Five. Sept. 16, 1971.]

GORMAN RUPP INDUSTRIES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PERCY ROY et al., Real Parties in Interest.

**COUNSEL**

Hagenbaugh, Murphy & Davies and Raymond T. Gail for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

**STEPHENS, J.**—Petitioner (defendant Gorman Rupp Industries, Inc.) seeks a writ of mandate to compel the superior court to grant petitioner's motion to compel answers by codefendant The Regents of the University of California (also a real party in interest) to interrogatories in a personal injury action filed against them[1] by plaintiff Roy.

In his complaint, plaintiff alleged that he suffered injuries during treatment at the University of California medical facility caused by negligent action by the hospital, or because of negligent manufacture, maintenance or servicing of a particular medical supply known as Aquamatic K. Thernia heating and cooling blankets and mattresses (including its component parts) by defendant Rupp and others. The first amended complaint alleges four causes of action, including breach of warranty of merchantability and strict liability, as well as negligence. Our analysis applies equally to the various causes of action.

On April 16, 1971, Rupp served on The Regents certain interrogatories, to which The Regents objected. On May 27, Rupp sought to compel The

---

[1] Other named defendants are V. Muller & Company, a corporation, V. Muller & Company, a copartnership, V. Muller, individually and doing business as V. Muller & Company, and Does I through XL.

Regents to answer the interrogatories. The trial court denied the motion to compel answers, and this petition followed.

■ Rupp contends that it is in the position of "adverse party" to The Regents and therefore is entitled to have the interrogatories answered under the provisions of Code of Civil Procedure section 2030. The Regents refused to answer on the sole ground that they were not an "adverse party" within the meaning of that section.

We have been unable to find any California appellate court decision construing the term "adverse party" contained in Code of Civil Procedure section 2030. Since this is then a case of first impression, we resort to federal decisions concerning rule 33 of Federal Rules of Civil Procedure, upon which section 2030 is based, for their persuasive value. (See *Trade Center Properties, Inc.* v. *Superior Court,* 185 Cal.App.2d 409, 411-412 [8 Cal.Rptr. 345].) We note that the enactment of the Discovery Act (Code Civ. Proc., §§ 2016-2035) was proposed to the Legislature as an adaptation by this state of the federal rules of procedure relative to discovery and with the express purpose of broadening discovery proceedings in California so that they would be comparable with those in the federal courts. (Report of the Committee on Administration of Justice, 31 State Bar J. 204-231.) These statutes are, in substance, counterparts of the federal rules as they existed when the Discovery Act was enacted in 1957. The Legislature must have intended that they should have the same meaning, force, and effect as given to the federal rules[2] by the federal courts. (*Crummer* v. *Beeler,* 185 Cal.App.2d 851, 858 [8 Cal.Rptr. 698].) In conjunction with the aforementioned criteria is the established rule that the Discovery Act is to be liberally construed. (*Carlson* v. *Superior Court,* 56 Cal.2d 431, 437 [15 Cal.Rptr. 132, 364 P.2d 308]; *Greyhound Corporation* v. *Superior Court,* 56 Cal.2d 355, 377 [15 Cal.Rptr. 90, 364 P.2d 266]; *Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757, 782 [66 Cal.Rptr. 776].)

"Adverse party" has been construed in 2 De Meo, California Deposition & Discovery Practice, section 9.07: "Whether parties are or are not 'adverse' can generally be determined by the role in which a party is cast in the pleading (or pleadings) setting forth the claim(s) or defense(s), although where this alignment does not reveal the true adversity of the parties the realities of the litigation should control."

The federal cases interpreting rule 33 (prior to the 1970 deletion of

---

[2]Code of Civil Procedure section 2030 was the same as Federal Rules of Civil Procedure rule 33 prior to rule 33's change in 1970. In that year, the rule was changed to delete the requirement that written interrogatories are to be served on adverse parties only. They now may be served on any party. Our Legislature has not yet adopted this progressive step.

adverse-party requirement), upon which section 2030 is based and from which Mr. De Meo derived his interpretation, are listed in 4 Moore's Federal Practice (2d ed.), section 33.06, footnote 20.[3]

The approach by the court in *Carey* v. *Schuldt* (E.D.La. 1967) 42 F.R.D. 390 [11 Fed. Rules Serv.2d 33.21, Case 1],[4] footnote 2, appeals to us as one which is well reasoned on this issue. There, the court stated (at p. 393): "The judicial definition of 'adverse' parties is those parties who are on opposite sides of an issue raised by the pleadings or otherwise presented by the record. [Citations.] This serves well as a general principle. But it requires explanation, which has not been forthcoming, for proper application to specific situations. In determining 'adversity,' the focus is on issues, and not interests. Conflicting interests, without more, do not constitute 'adversity.' To be 'adverse' the parties must oppose each other on an issue in the case. 'Adversity' does not mean that one party *must* be seeking a judgment or recovery against the other party. But it does mean that one party strives to win a point at issue at the expense of the other. When two parties are contesting an issue, and the outcome of the litigation will be, or may be, different as to either party due to the determination of that issue, then they are 'adverse' within the meaning of Rule 33."

As petitioner states, the plaintiff in his complaint raises the issue of responsibility for his alleged injuries. Each codefendant seeks to disclaim any responsibility for the alleged injuries, and argues that if there is responsibility for the alleged injuries it is due to the failure of the other. Certainly, there exists that relationship which suggests a conflict of interest. Petitioner has a vital interest in not relying solely on its lack of negligence or other avoidance of liability. Petitioner seeks to meet plaintiff's claim by showing the liability, if any, is that of another defendant. This clearly falls within the rationale of *Carey,* that an "adverse" party includes one who may likely strive to win a point at issue at the expense of the other. From the facts here, it is apparent that the petitioner and The Regents are indeed in an "adverse" relationship as to some of the major issues in the instant case.

Let the peremptory writ of mandate issue, requiring the respondent court to set aside its order denying petitioner's motion to compel answers by codefendant-and-real-party-in-interest The Regents of the University of Cali-

---

[3]The cases are: *Anuszewski* v. *Toepfer* (D.Md. 1970) 48 F.R.D. 433 [13 Fed. Rules Serv.2d 33.21, Case 1]; *Smallwood* v. *Waywisen Navigation Corp.* (D.Md. 1969) Civ. No. 19277; *Powell* v. *Willow Grove Amusement Park* (E.D.Pa. 1968) 45 F.R.D. 274 [12 Fed. Rules Serv.2d 33.21, Case 1]; *Carey* v. *Schuldt, supra* (E.D. La. 1967) 42 F.R.D. 390 [11 Fed. Rules Serv.2d 33.21, Case 1].

[4]We recognize that there are factual differences between the federal decisions and the instant case. Our reliance on these cases is purely for their rationale, and not due to any factual similarity.

fornia to petitioner's "Third Set of Interrogatories," and requiring the respondent court to grant said motion and overrule the objections thereto.

Kaus, P. J., and Aiso, J., concurred.