[Civ. No. 51291. Second Dist., Div. Two. Aug. 15, 1977.]

FIREMAN'S FUND INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
JOHN HICKS, Real Party in Interest.

**COUNSEL**

Alexander, Inman, Kravetz & Tanzer and Richard Tanzer for Petitioner.

No appearance for Respondent.

Satzman & Smolen, Michael Smolen and Geffner & Satzman for Real Party in Interest.

## OPINION

**THE COURT.**\*—Proceeding in mandate to compel the superior court to vacate an order denying petitioner's motion to compel the taking of a deposition, and to enter a new and different order granting said motion. We granted an alternative writ.

### FACTS

This petition arises out of an action entitled John Hicks v. Fireman's Fund Insurance Company, a dispute over disability insurance coverage. Hicks was insured under a group policy issued to his employer, Garrett Airesearch. On June 18, 1973, he slipped and fell while working part time as a watchman for the Los Angeles Unified School District, and filed a claim dated August 14, 1975, alleging total and permanent disability commencing on or about May 13, 1975. Apparently negotiations between the insurer and counsel for plaintiff did not proceed smoothly and on February 17, 1976, counsel for plaintiff sent to Fireman's Fund a letter making demand for payment in good faith. A complaint for compensatory and punitive damages was filed April 7, 1976.

Fireman's Fund noticed the deposition of Michael Smolen, counsel for plaintiff Hicks, for May 13, 1977. No protective order was sought and Mr. Smolen informed counsel for the insurer that he would not attend the deposition and in fact failed to appear. Fireman's Fund thereupon filed a motion to compel the taking of the deposition; opposition was filed; the matter was argued and the superior court denied the motion.

Petitioner alleges that a physician for Hicks advised that Hicks was in fact able to work at his regular occupation. As a consequence petitioner requested additional medical information from Hicks. Mr. Smolen, Hicks' counsel, provided an additional medical report based on a physical examination of Hicks and results of prior examinations that had been furnished to the examining doctor.

Petitioner then requested of Mr. Smolen information as to whether the latest examining doctor had been furnished with certain medical reports. Smolen did not reply and the action was filed.

---

\*Before Fleming, Acting P. J., Compton, J., and Beach, J.

Smolen appears to have been the sole negotiator for Hicks in his demands for payment. He undertook to provide, up to a point, information which petitioner deemed to be necessary for resolving the claim. Those negotiations are at the heart of Hicks' claim that petitioner acted in bad faith. Smolen is a percipient witness thereto.

## DISCUSSION

■ An attorney is a competent witness in a case in which he represents one of the parties, subject of course to the canons of ethics. (1 Witkin, Cal. Procedure (2d ed.) Attorneys, § 242, pp. 252-253; Witkin, Cal. Evidence, Witnesses, § 777, p. 723.) ■ Mr. Smolen's appearance as a witness at the trial appears at least possible if not probable.

In *Romeo* v. *Jumbo Market,* 247 Cal.App.2d 817 [56 Cal.Rptr. 26], a personal injury case, both plaintiff and defendant had produced a doctor to testify on each side. Defendant's counsel requested a stipulation of plaintiff's counsel that plaintiff's doctor had seen the report prepared by defendant's doctor before testifying. Plaintiff's counsel refused stating that he had no knowledge of it. Plaintiff's counsel was then called to the stand and admitted sending the report to plaintiff's doctor. This procedure was held to be proper.

Here petitioner seeks to depose Mr. Smolen on a matter quite similar. In addition, there is the issue of whether Mr. Smolen furnished all of the medical information available to either the examining doctors or to petitioner.

In his argument, Hicks relies heavily upon *Trade Center Properties, Inc.* v. *Superior Court,* 185 Cal.App.2d 409 [8 Cal.Rptr. 345]. In that case petitioner brought an action against Schonfeld for services allegedly rendered in procuring a loan from Files and Company. Schonfeld's attorney obtained a statement from the president of Files, and Trade Center caused a subpoena to be issued requiring Schonfeld's attorney to appear for a deposition and to bring with him a copy of Files' statement, "together with copies of any and all records and documents used or examined" during the taking of that statement. Schonfeld moved for an order that the deposition not be taken and the motion was granted.

Trade Center sought a writ of mandate to compel the taking of the deposition which was denied. Citing *Hickman* v. *Taylor,* 329 U.S. 495, 516-517 [91 L.Ed. 451, 465, 67 S.Ct. 385], the court said Trade Center was

attempting to obtain testimony concerning what an attorney said a witness had said. It treated the matter sought to be discovered as work product, and disapproved the practice of taking the deposition of opposing counsel. The president of Files and Company was, of course, available for deposition.

In the present case the facts are different. No motion for protective order was ever made. And other than employees of Fireman's Fund, the only percipient witness to the facts which would support or refute the allegations of bad faith on the part of Fireman's Fund, as far as the record shows, is Mr. Smolen or one of his associates.

It does not appear that petitioner seeks to obtain privileged information or counsel's work product. Of course if such attempt is made during the deposition, Mr. Smolen will have available adequate means to prevent it.

While the practice of taking the deposition of opposing counsel should be severely restricted, and permitted only upon showing of extremely good cause (*Trade Center Properties, Inc.* v. *Superior Court, supra*) in those cases in which an attorney for a party is the sole, or principal, negotiator and in which bad faith is alleged and punitive damages are sought based upon that allegation of bad faith, then we think the facts fall outside attorney-client privilege, and outside the work product rule, and the deposition of the attorney may be taken, subject to all proper objections.

Let a peremptory writ of mandate issue requiring respondent court to vacate the order of May 27, 1977, denying petitioner's motion to compel the taking of the deposition of Michael Smolen, and to enter a new and different order setting the deposition and ordering Mr. Smolen to appear for that deposition. The alternative writ is discharged.