FIRST SECURITY SAVINGS, Plaintiff,

v.

KANSAS BANKERS SURETY
CO., Defendant,

v.

James L. GILLETTE, et al.,
Third-Party Defendants.

FIRST SECURITY BANK &
TRUST, Plaintiff,

v.

KANSAS BANKERS SURETY
CO., Defendant.

Nos. CV85–L–96, CV85–L–97.

United States District Court,
D. Nebraska.

March 2, 1987.

Erickson & Sederstrom, P.C., James B. Cavanagh, Omaha, Neb., for plaintiffs.

John L. Robinson, Denver, Colo., for third-party defendant Gillette.

James L. Koley, Omaha, Neb., for third-party defendant Kahle.

Joseph J. McQuillan, Omaha, Neb., for third-party defendant Copple.

Patrick T. Grewe, Omaha, Neb., for third-party defendant Saylor-Robinson.

Sloan, Listrom, Eisenbarth, Sloan & Glassman (Myron L. Listrom, Thomas L. Theis, Jeffrey W. Jones and Gregory J. Bien, of counsel), Topeka, Kan., and Healey, Brown, Wieland, Kluender, Atwood & Jacobs (Patrick W. Healey, Douglas L. Kluender, of counsel), Lincoln, Neb., for defendants.

Peterson, Nelson, Johanns, Morris & Holdeman (Michael O. Johanns), Lincoln, Neb., for third-party defendant Hagerty.

Robert R. Gibson, Lincoln, Neb., for third-party defendant Wilson.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

■ The defendant has filed a motion for reconsideration of my previous Memorandum and Order, dated February 9, 1987, in which I denied the defendant's motion to compel the production of certain documents on the basis that the motion was not properly before the court. Upon reconsideration, it is apparent that the motion was in fact properly before the court. Mr. Cavanagh had been requested to produce these documents by way of a subpoena duces

tecum, and this request was specifically rejected at the deposition. This is sufficient to constitute the formal request and response which I earlier found lacking. It is also equally clear that counsel have conferred as required by Local Rule 20(I). Although plaintiffs now assert that this request came too late, that objection was not raised earlier, and I therefore exercise my discretion to consider the issues raised. Accordingly, the defendant's motion for reconsideration is well-taken. I have considered the briefs of the parties both with respect to the original motion and the motion to reconsider.

■ I noted in my previous Memorandum and Order that the one asserting the work-product and attorney-client privileges has the burden of demonstrating the applicability of those privileges to the specific items which he claims are not subject to discovery. I concluded that no facts had been submitted from which I could conclude that these privileges protected these items from discovery.

The plaintiffs object to having this burden placed upon them, contending that under *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1986), the defendant has the burden of demonstrating the non-applicability of the work-product privilege to the documents. In so arguing, the plaintiffs rely on the following underlined language of the court's opinion:

> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where *the party seeking to take the deposition has shown that* (1) no other means exist to obtain the information than to depose opposing counsel, *see, e.g., Fireman's Fund Insurance Co. v. Superior Court,* 140 Cal.Rptr. 677, 679 (1977); (2) *the information sought is relevant and nonprivileged;* and (3) the information is crucial to the preparation of the case.

*Shelton, supra,* at 1327. The plaintiffs contend that in these few words the Court of Appeals intended to effect a major change in the law allocating the burden of proof relating to the discovery of matters assertedly privileged. With this contention I must disagree.

At the outset, I question whether the opinion in *Shelton* was intended to be so sweeping. The *Shelton* court's concern was limited to the applicability of the work-product doctrine in the rather unique factual context presented. The court stated, "we hold that in-house counsel's knowledge of the existence of the documents in these circumstances is protected by the work-product doctrine." At 1328. Before discussing the circumstances that were present, the court first noted those that were not. "This case does not involve AMC's refusal to produce the documents inquired about by plaintiff's counsel. And AMC does not contend that the documents themselves ... are protected as work product." At 1328; see also *id.,* at 1329 n. 6, 1330 n. 7. Rather, AMC contended that requiring in-house counsel to acknowledge,

> the existence of documents referred to by plaintiff's counsel would reflect her judgment as an attorney in identifying, examining, and selecting from AMC's voluminous files those documents on which she will rely in preparing her client's defense in this case. In these circumstances [her] recollection of the documents concerning a certain subject will be limited to those documents she has selected as significant and important with respect to her legal theories. Therefore, AMC argues, requiring [her] to testify that she is aware that documents exist concerning a certain issue is tantamount to requiring her to reveal her legal theories and opinions concerning that issue.

At 1328. The court agreed, holding that in the context of a complex lawsuit requiring the review of voluminous files in order to prepare for litigation, counsel's mere acknowledgement of the documents she examined, itself, would reveal her mental impressions and legal theories, which are ab-

solutely protected from discovery under the work-product rule. Thus, even if the court intended to shift the burden of proving privilege to the party seeking discovery, it was in my view limited to the unique situation in which requiring the attorney to demonstrate the applicability of the work-product rule would have negated the very privilege sought to be asserted.[1] Unlike *Shelton,* no such contention has been made in the present case. Thus, I do not agree that the quoted language from *Shelton* purports to alter the burden of proof concerning more conventional situations which have been considered on many occasions. *See, e.g., FTC v. Shaffner,* 626 F.2d 32, 37 (7th Cir.1980); *Heathman v. United States District Court,* 503 F.2d 1032, 1033 (9th Cir.1974); *Robinson v. Magovern,* 83 F.R.D. 79, 85 (W.D.Mo.1979); *Int'l Paper Co. v. Fibreboard Corp.,* 63 F.R.D. 88, 93–94 (D.Del.1974); *Pleasant Hill Bank v. United States,* 58 F.R.D. 97, 101 (W.D.Mo.1973); *Honeywell, Inc. v. Piper Aircraft Corp.,* 50 F.R.D. 117, 119–20 (M.D.Pa.1970); *Camco, Inc. v. Baker Oil Tools, Inc.,* 45 F.R.D. 384, 386–87 (S.D. Tex.1968) (burden on party asserting documents are privileged to demonstrate the applicability of the privilege).

It must be further noted that the matter of generally shifting the burden of proof was not before the court in *Shelton;* rather, it was the attorney's contention that requiring her to meet the burden in the peculiar circumstances there present would itself abrogate the privilege. The language used by the court and relied upon by the plaintiffs generally tracks the language of Rule 26(b)(1) of the Federal Rules of Civil Procedure. This general rule, which is not concerned with burdens of proof, merely sets the outer boundaries of permissible discovery, stating that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action ..." I read the underlined language in the opinion as reaffirming that, as in all discovery matters, the items sought must be relevant and not privileged.

Finally, I must respectfully decline, for reasons of policy, to extend *Shelton* so far as the plaintiffs wish. As a practical matter, to do so would effectively bar any type of discovery, no matter how critical or otherwise unavailable the material, once a party claims the work-product or attorney-client privileges. By placing the burden of proving the non-applicability of such privileges on the party seeking discovery, the court would be imposing an all but insurmountable barrier in nearly all cases, as the facts upon which such a determination could be made are uniquely and solely within the control of the party asserting the privilege. The party seeking discovery, therefore, would have no opportunity to produce the facts necessary to meet its burden of proof. The party asserting the privilege would then effectively be able to decide the legal question for itself. I do not believe this to be the intent of the court in *Shelton.* [2]

---

**1.** The court noted two factors in particular in *Shelton* supporting AMC's claim that the opposing party's goal was in fact to discover counsel's mental impressions concerning the importance or unimportance of the documents at issue. First, the opposing party actually already had in its possession several of the very documents about which it was inquiring. Second, the party asserting the privilege had previously produced the documents at issue and offered to acknowledge their existence through the deposition of someone other than counsel. At 1327, 1330 n. 7. Neither of these factors are alleged in the present case.

In addition, unlike the attorney in *Shelton,* whose participation in the matter was limited solely to preparing to defend AMC in litigation, (*id.* at 1326, 1328), the involvement of Mr. Cavanagh and Mr. Morrow in the present case may predate the anticipation of litigation. In fact, it is their very conduct in sending the notice of claim on behalf of the plaintiff that is one of the matters on which the defendant seeks discovery.

**2.** Such a result would also be inconsistent with *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In *Hickman,* the Court observed that

the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to

Rather than order the documents be produced, however, at this point I shall give the plaintiffs another opportunity to demonstrate the applicability of the claimed privileges to the specific documents requested. Accordingly, the deponent, Mr. Cavanagh, is ordered to submit the documents to the court for an *in camera* review, together with an affidavit filed with the court, so as to allow the defendant the opportunity, to the extent possible, to contest the plaintiffs' assertion of privilege. In the affidavit, the plaintiffs are to describe each document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document, (b) the identity and position of its author, (c) the date it was written, (d) the identity and position of its addressee, (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were given to them, (f) the document's present location and the identity and position of its custodian, and (g) the specific reason or reasons why the document has been withheld from production. Once that has been served on defense counsel, oral argument will be permitted.

IT THEREFORE IS HEREBY ORDERED the defendant's motion to reconsider, filing 180, is granted and:

1. The deponent, Mr. Cavanagh, shall submit under seal to the court by March 4, 1987 the documents withheld from production, which are specified on page 4 of the letter of dated October 2, 1985, in order that an *in camera* review of such documents can be undertaken.

2. The deponent shall on the same date file an affidavit, in accordance with the foregoing discussion, describing the documents to the extent practicable so as to allow the defendant to contest the plaintiffs' claims of privilege. A copy of said affidavit shall be hand delivered to defendant's local counsel when filed.

3. Oral argument shall be permitted in a telephone conference call March 5, 1987 at 3:00 p.m., after which the matter will be deemed submitted for decision.

4. The clerk shall telephone counsel and inform them of the entry of this order.

5. Any appeal of this order concerning the burden of proof issue shall be filed prior to March 5, 1987 at 3:00 p.m.

justify production through a subpoena or court order.

329 U.S. at 512, 67 S.Ct. at 394. However, this same Court had no quarrel with the trial court's procedure, in which the attorney asserting the work-product privilege was required to explain the circumstances in which he had taken the statements from the witnesses. *See id.* at 499, 67 S.Ct. at 387. Thus, the party seeking discovery need meet its burden of showing "good cause" only if the party asserting the privilege has first demonstrated facts sufficient to warrant the applicability of the privilege.