[Civ. No. 24998.   First Dist., Div. Four.   Feb. 14, 1968.]

FRANK P. MACK et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; THE STATE OF CALIFORNIA ex rel. STATE PUBLIC WORKS BOARD, Real Party in Interest.

Desmond, Miller, Desmond & West and John R. Lewis, Jr., for Petitioners.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Willard A. Shank, Assistant Attorney General, and William A. Mayhew, Deputy Attorney General, for Real Party in Interest.

CHRISTIAN, J.—Petitioners, landowner-defendants in an eminent domain proceeding, seek a writ of prohibition to restrain respondent court from enforcing an order requiring petitioners to disclose, in answer to interrogatories, the following information about a real estate appraisal obtained by petitioners' former attorney: (1) the appraiser's name and address; (2) the date he was hired; (3) whether he rendered an opinion of the fair market value of the property sought to be condemned; and (4) the appraiser's opinion of the fair market value of the property. In opposition to real party in interest State of California's motion in the superior court to compel answers to these interrogatories, petitioners filed their joint declaration, under penalty of perjury, asserting that their former attorney did hire a real estate appraiser to assist him in forming an opinion about the case. The declaration continued:

"[A]ll of the information obtained by the said appraiser was obtained solely and exclusively for the information and eyes of our said attorney; and was at all times treated as confidential . . . that the information developed by said appraiser was not for the purposes of obtaining testimony for trial but solely and exclusively for the information of the [attorney], and declarants do not plan to call said appraiser as a witness in the trial of this action."

Nevertheless the superior court ordered petitioners to answer.

Petitioners claim the protection of the statutory privilege covering an attorney's work product. See McCoy, *California Civil Discovery Work Product of Attorneys* (1966) 18 Stan.L. Rev. 783 for a review of the context of case law in which the Legislature in 1963 (Stats. 1963, ch. 1744) expressly sanctioned the nondiscoverability of an attorney's work product. By that enactment Code of Civil Procedure section 2016 was amended to include a provision that "The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, and any writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances." The same amendment added subdivision (g):

"It is the policy of this State (i) to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases

thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts.''

■ Real party in interest first contends that the declaration presented to respondent court by petitioners is hearsay and that since petitioners' former attorney did not file a declaration in support of their contention there is no competent evidence to show that the work product privilege applies.

■ It is true that an affidavit which sets forth only hearsay and conclusionary material is incompetent. (*Wilson* v. *Superior Court* (1964) 226 Cal.App.2d 715 [38 Cal.Rptr. 255].) It is stated that '' 'The true test of the sufficiency of an affidavit is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false.' '' (*People* v. *Thompson* (1935) 5 Cal.App. 2d 655, 664 [43 P.2d 600].) ■ There is nothing in petitioners' declaration to indicate that the essential assertions are based upon hearsay. Petitioners have been in a position to have personal knowledge of the facts asserted and the declaration, with the exception of one immaterial sentence, takes the form of direct statements of fact. We find neither reason nor authority to support the state's contention that the declaration should have been signed by petitioner's former attorney.

■ The work product privilege was created for the protection of the client as well as the attorney and there is no reason why a party's declaration, asserting facts apparently within personal knowledge, should not be as effective as a declaration by the attorney.

■ The state next contends that as a matter of law appraisal information cannot be protected from discovery as an attorney's work product. The 1963 amendments to Code of Civil Procedure section 2016 contain no definition of ''work product'' and we must therefore resort to the cases and to the policy declared in Code of Civil Procedure section 2016, subdivision (g), in determining whether work product is involved here. Information regarding events provable at trial, or the identity and location of physical evidence, cannot be brought within the work product privilege simply by transmitting it to the attorney. But the cases indicate generally that material of a derivative character, such as diagrams prepared for trial, audit reports, appraisals, and other expert opinions, developed as a result of the initiative of counsel in preparing for trial, are to be protected as work product. In

*San Diego Professional Assn.* v. *Superior Court* (1962) 58 Cal.2d 194, 204 [23 Cal.Rptr. 384, 373 P.2d 448, 97 A.L.R.2d 761], the Supreme Court held that an engineering evaluation commissioned by an attorney for his guidance in preparing for trial was work product. Similarly, in *Brown* v. *Superior Court* (1963) 218 Cal.App.2d 430 [32 Cal.Rptr. 527], the opinions of medical members of a committee formed to consult with defense counsel in a medical malpractice action were privileged as work product. (Also see *Kenney* v. *Superior Court* (1967) 255 Cal.App.2d 106 [63 Cal.Rptr. 84].) In *Scotsman Mfg. Co.* v. *Superior Court* (1966) 242 Cal.App.2d 527 [51 Cal.Rptr. 511], the report of a scientific consultant as to the cause of the explosion of a butane lamp was held to be privileged as work product. ██ It appears from these cases, and from the provision of Code of Civil Procedure section 2016, subdivision (g), that an attorney should be allowed to prepare his case thoroughly and "to investigate not only the favorable but the unfavorable aspects of such cases . . . ," that even clearly relevant evidence such as the unfavorable opinion of value formed by an appraiser consulted by counsel may be privileged; but the privilege must give way before a showing that "denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, . . ." The privilege is also subject to the court's power to require reciprocal disclosure of data regarding appraisals intended to be used in evidence. (Cf. Code Civ. Proc., § 1272.01 et seq.; *Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195 [41 Cal.Rptr. 721].)

██ We may surmise that petitioners' former attorney, by consulting the appraiser, developed an "unfavorable aspect" of the case in the form of a low valuation opinion. But petitioners' declaration asserted facts which would qualify the valuation data as work product. The state made no showing, through affidavits or other evidence, either contradicting petitioners' declaration or indicating that unfair prejudice would result from denial of discovery regarding that opinion. If we assume that the appraiser was properly qualified and that his opinion would be relevant and admissible, the fact remains that there is nothing unique and irreplaceable about his opinion. The state will have no difficulty in obtaining the opinions of other appraisers; thus there is no showing that any injustice will result if the privilege is upheld.

A peremptory writ of prohibition will issue restraining enforcement of respondent court's order.

Devine, P. J., and Rattigan, J., concurred.