[Civ. No. 12419. Third Dist. Dec. 30, 1969.]

SOUTHERN PACIFIC COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
VALORIE J. FULLER et al., Real Parties in Interest.

COUNSEL

Carr & Kennedy and Daniel S. Frost for Petitioner.

No appearance for Respondent.

Newton & Newton and Jack Halpin for Real Parties in Interest.

OPINION

**FRIEDMAN, Acting P. J.**—Petitioner Southern Pacific Company, the defendant in a wrongful death action in the respondent superior court, seeks a writ directing the court to compel the plaintiffs to answer four interrogatories. The plaintiffs have been served as real parties in interest and appeared at oral argument in response to our order to show cause.

The complaint alleges four kinds of conduct on the part of Southern Pacific, all characterized as negligent: (1) the operation of its train; (2) the maintenance of its right of way; (3) the design, maintenance and construction of its crossing warning signs; (4) its violation of a specified order of the Public Utilities Commission. The four interrogatories resisted by plaintiffs seek a statement "in detail [of] all facts forming the basis" of these allegations.

 In the trial court plaintiffs' attorney appeared and testified in support of plaintiffs' refusal to answer. According to the petition, he testified that all the facts requested in these interrogatories "were gathered by either the plaintiffs [*sic*] attorneys personally, or by a private investigator hired by plaintiffs [*sic*] attorneys for the purpose of gathering information" relevant to the lawsuit. Since plaintiffs have filed no written response to the petition, we accept this description of the attorney's testimony. Upon this testimony, the trial court held that the information was the attorney's work product and conditionally privileged under subdivision (b) of section 2016, Code of Civil Procedure.

 A party is entitled to interrogatories disclosing the facts, if any, known to his opponent and upon which the opponent presently relies to prove his case. (*Burke* v. *Superior Court*, 71 Cal.2d 276, 283-285 [78 Cal.Rptr. 481, 455 P.2d 409].) Specifically, he may be required to disclose the facts underlying his allegations of negligence. (*Singer* v. *Superior Court*, 54 Cal.2d 318, 323-325 [5 Cal.Rptr. 697, 353 P.2d 305].) A party may also be called upon to state whether he makes

a particular contention, although not to disclose his legal research or theories. (*Burke* v. *Superior Court, supra; Sheets* v. *Superior Court,* 257 Cal.App.2d 1, 13 [64 Cal.Rptr. 753].) Discovery's function to ascertain facts and contentions is emphasized where, as here, general allegations of negligence leave the party in the dark as to the nature of the conduct with which he is charged. (*Singer* v. *Superior Court, supra.*) Thus, if not shielded by the work product rule, the information sought by Southern Pacific is discoverable.

Subdivision (b) of section 2016, Code of Civil Procedure, declares: "The work product of an attorney shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice, and any writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances." Subdivision (g) of the same section states: 'It is the policy of this State (i) to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts." These restrictions apply to interrogatories. (Code Civ. Proc., § 2030, subd. (b).) ■ At the hearing of a motion to require answers to interrogatories, the objector bears the burden of establishing a valid objection. (*Columbia Broadcasting System, Inc.* v. *Superior Court,* 263 Cal.App.2d 12, 18 [69 Cal.Rptr. 348].)

■ As noted in *Mack* v. *Superior Court,* 259 Cal.App.2d 7, 10 [66 Cal.Rptr. 280], there is no statutory definition of work product; hence, the privilege's scope must be fixed in the light of case law and the policy declaration of section 2016, subdivision (g). In *Mack* the court formulated a practical guide for ascertaining the scope of the work product privilege (259 Cal.App.2d at p. 10): "Information regarding events provable at trial, or the identity and location of physical evidence, cannot be brought within the work product privilege simply by transmitting it to the attorney. But the cases indicate generally that material of a derivative character, such as diagrams prepared for trial, audit reports, appraisals, and other expert opinions, developed as a result of the initiative of counsel in preparing for trial, are to be protected as work product."

■ Measured by these criteria, the testimony of plaintiffs' attorney failed to establish the privilege. The trial court erred in classifying the information as work product. The interrogatories did not seek derivative material in the attorney's possession such as statements of witnesses, investigative reports or technical data; did not seek the attorney's legal

theories, research or calculations; did not seek information which would not ultimately be disclosed at the trial. Nor did the interrogatories improperly attempt to "tie down" plaintiffs by calling for all the facts they intend to produce at the trial. (See *Burke* v. *Superior Court, supra,* 71 Cal.2d at p. 286.) The facts sought, those presently relied upon by plaintiffs to prove their case, are discoverable no matter how they came into the attorney's possession. (*Mack* v. *Superior Court, supra.*) Plaintiffs will ultimately disclose these facts at the trial. ■ Surprise is the only objective of withholding these facts pending the trial. That objective is contrary to the spirit and letter of the discovery statutes.

Let a writ of mandate issue as prayed.

Regan, J., and Janes, J., concurred.