86 Cal.Rptr.2d 180 (1999)
73 Cal.App.4th 126
Douglas William DOWDEN, Petitioner,
v.
The SUPERIOR COURT of Orange County, Respondent;
Daniel Drew Dowden, Real Party In Interest.
No. G024096.
Court of Appeal, Fourth District, Division Three.
June 28, 1999.
*181 Cummings & Kemp, Thomas B. Cummings, Riverside, Mark L. Kincaid, Long Beach, and Everett L. Skillman, Santa Ana, for Petitioner.
No appearance for Respondent.
Richard J. Koppel, Ventura, for Real Party in Interest.

OPINION
RYLAARSDAM, J.
Petitioner filed a petition for writ of mandate seeking relief from an order granting a motion to compel production of a diary. Petitioner, who is an in propria persona litigant, claims a work product privilege under Code of Civil Procedure *182 section 2018. (All further statutory references are to the Code of Civil Procedure.) Without determining whether his diary is in fact work product, we conclude that litigants appearing in propria persona may assert section 2018's work product privilege. We grant the petition and remand the matter to the trial court to conduct an in camera review of the diary to determine whether it contains matter which is privileged under section 2018.

FACTS
Real party in interest Daniel Dowden, plaintiff in the underlying action, and petitioner Douglas Dowden, defendant, are brothers. Following their mother's death they allegedly agreed to divide certain property held in joint tenancy. Real party in interest claimed petitioner breached the agreement and sued him for property damage and breach of contract. Petitioner cross-complained for conversion and breach of contract. Petitioner is represented by attorneys in his capacity as a defendant, but appears in propria persona as a cross-complainant. Petitioner's attorney allegedly advised him to keep a diary in anticipation of litigating his claims against real party in interest.
Real party in interest filed a motion to compel production of the diary. Petitioner opposed the motion, arguing the diary was entitled to a work product privilege under section 2018. The dispute was submitted to a referee. The referee recommended compelling production of the diary because he interpreted section 2018's privilege to be available only to attorneys. The trial court adopted the referee's recommendation and granted real party in interest's motion.

DISCUSSION

The Use of the Word "Attorney" in Section 2018 is Ambiguous
The construction and interpretation of a statute is a question of law, which the Court of Appeal considers de novo. (County of Los Angeles v. Superior Court (1993) 18 Cal.App.4th 588, 594, 22 Cal.Rptr.2d 409.)
Section 2018 provides a privilege for matter prepared in anticipation of litigation. (See Fellows v. Superior Court (1980) 108 Cal.App.3d 55, 62, 166 Cal.Rptr. 274.) It reads, in part, "[i]t is the policy of this state to (1) preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases; and (2) to prevent attorneys from taking undue advantage of their adversary's industry and efforts." (§ 2018, subd. (a).) Therefore, "[a]ny writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances." (§ 2018, subd. (c).) Other types of work product are not discoverable unless "denial of discovery will unfairly prejudice the party seeking discovery...." (§ 2018, subd. (b).)
When interpreting a statute, "we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent." (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826, 25 Cal.Rptr.2d 148, 863 P.2d 218.) "When statutory language is clear and unambiguous, there is no need for construction...." (People v. Overstreet (1986) 42 Cal.3d 891, 895-896, 231 Cal.Rptr. 213, 726 P.2d 1288; see also Delaney v. Superior Court (1990) 50 Cal.3d 785, 798, 268 Cal.Rptr. 753, 789 P.2d 934.) However, if the language is ambiguous, we "may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.]" (People v. Coronado (1995) 12 Cal.4th 145, 151, 48 Cal.Rptr.2d 77, 906 P.2d 1232.)
Real party interest contends the plain language of section 2018 establishes that *183 the privilege applies only to licensed attorneys, and therefore, petitioner is not entitled to the work product privilege. However, section 2018 does not define the term attorney. In ordinary parlance, the term "attorney" means "attorney at law," or "lawyer." (Black's Law Diet. (5th ed.1979) pp. 117-118.) At least one other jurisdiction includes in the definition of "attorney" any "party prosecuting or defending an action in person." (See, e.g. N.Y. CPLR § 105.)
On its face the statute may not seem ambiguous, but an ambiguity arises because other provisions of the Code of Civil Procedure and California Rules of Court which require that "attorneys" follow certain procedures, apply to litigants appearing in propria persona as well. (See, e.g. § 1952.2; Cal. Rules of Court, rules 15(b), 217 & 219; Cal. Standards Jud. Admin, § 9.) Moreover, "[a] lay person,... who exercises the privilege of trying his own case must expect and receive the same treatment as if represented by an attorneyno different, no better, no worse." (Taylor v. Bell (1971) 21 Cal. App.3d 1002, 1009, 98 Cal.Rptr. 855, citing Doran v. Dreyer (1956) 143 Cal.App.2d 289, 290, 299 P.2d 661; see also Williams v. Pacific Mutual Life Ins. Co. (1986) 186 Cal.App.3d 941, 944, 231 Cal.Rptr. 234.) Because the term "attorney" has been applied to other statutes without distinguishing between attorneys and litigants appearing in propria persona, the term is ambiguous, and it is necessary to look at section 2018's legislative history to determine whether the Legislature intended to limit the work product privilege to attorneys.

Section 2018's Legislative History Supports Applying the Privilege to Unrepresented Litigants
The United States Supreme Court first recognized a privilege for work product in Hickman v. Taylor (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. After Hickman, and prior to the adoption of section 2016, 2018's predecessor, California courts struggled to develop a work product doctrine. In Holm v. Superior Court (1954) 42 Cal.2d 500, 267 P.2d 1025, California's Supreme Court created a privilege similar to the federal work product privilege, but based on the attorney-client privilege.
In Holm, the court held photographs and an accident report prepared for counsel's assistance in defending an action were within the attorney-client privilege. (Holm v. Superior Court, supra, 42 Cal.2d at p. 510, 267 P.2d 1025.) The practical effect of Holm was to protect certain material now considered work product as if it were an attorney-client communication. For example, in Heffron v. Los Angeles Transit Lines (1959) 170 Cal.App.2d 709, 339 P.2d 567, a statement by defendant's employee concerning an accident was held to be privileged because it had been prepared as part of a procedure followed in anticipation of litigation. The court, in deciding the statement was privileged, noted the "[defendant's] dominant purpose in obtaining and preserving the driver's statement was that it might be transmitted as a communication to the attorneys designated by its insurance carrier for use in the performance of professional responsibilities in defending [defendant] against a potential claim. [Citations.] The driver's statement evidently set forth ` ... his version of the accident and thus clearly is at the very heart of the attorney client privilege.' [Citations.]" (Id. at pp. 717-718, 339 P.2d 567.)
At about the same time, the concept of a separate privilege for work product was also beginning to take form in California's courts. In Trade Center Properties, Inc. v. Superior Court (1960) 185 Cal.App.2d 409, 8 Cal.Rptr. 345, the court recognized that policy considerations separate from those of the attorney-client privilege existed for protecting work product. In that case, the plaintiff sought to depose defendant's attorney and sought production of files the attorney had compiled in preparation for litigation. The court held the attorney could not be deposed and the files *184 were not discoverable. In reaching its decision, the court rejected defendant's argument that the files fell within the attorney-client privilege. The court stated, "[n]o conceivable extension of the broadest view of the language of prediscovery cases relied upon by real parties in interest [citation] can extend the attorney-client privilege to the communications of the independent nonparty witness here involved. [¶] However, sound reasons of policy support the trial court's determination.... [¶] What petitioner here seeks is the right to take the deposition of his adversary's attorney upon matters pertaining to the latter's preparation for trial. Whether to protect the work product of that attorney or to restrict the picking of his brains, the court clearly should bar such a proceeding except upon a showing of extremely good cause." (Id. at p. 411, 8 Cal.Rptr. 345.) Despite its decision, the court noted that it was not adopting the entirety of the Hickman rule. (Ibid.)
While the concept of work product was being developed by the courts, California's Legislature was also preparing to enact the Discovery Act. Under that proposed legislation, certain work product would be absolutely protected based on the attorney-client privilege. (Stats.1957, ch. 1904, § 3, pp. 3322-3323; see Holm v. Superior Court, supra, 42 Cal.2d at pp. 509-510, 267 P.2d 1025; see also Pruitt, Lawyers' Work Product (1962) 37 State Bar J. 228, 235-236.) This initial concept differed from the federal rules which granted only a qualified protection founded on Hickman's work product doctrine. (Hickman v. Taylor, supra, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.) Concerned that Hickman 's lower level of protection for work product would influence California law, the California State Bar proposed and the Legislature adopted an amendment to the Discovery Act. This amendment, although arguably intended to protect work product as attorney-client privileged communications pursuant to the ruling in Holm, did not expressly do so; nor did the new statute use the term "work product." (Stats. 1957, ch. 1904, § 3, pp. 3322-3323; see also Pruitt, Lawyers' Work Product, supra, 37 State Bar J. at p. 235.)
Subsequent to the enactment of the Discovery Act of 1957, in Greyhound Corp. v. Superior Court (1961) 56 Cal.2d 355, 15 Cal.Rptr. 90, 364 P.2d 266 and Suezaki v. Superior Court (1962) 58 Cal.2d 166, 23 Cal.Rptr. 368, 373 P.2d 432, the California Supreme Court redefined its ruling in Holm (Holm v. Superior Court, supra, 42 Cal.2d 500, 267 P.2d 1025). (Greyhound Corp. v. Superior Court, supra, 56 Cal.2d at pp. 399-402, 15 Cal.Rptr. 90, 364 P.2d 266; Suezaki v. Superior Court, supra, 58 Cal.2d at p. 176, 23 Cal.Rptr. 368, 373 P.2d 432.) The language of Holm suggested that pictures and other objects were incorporated into "communications" and therefore privileged. (Holm v. Superior Court, supra, 42 Cal.2d at pp. 508-509, 267 P.2d 1025.) In Greyhound, the Supreme Court reached a contrary conclusion in holding that statements of witnesses taken by defense investigators were not within the attorney-client privilege. It also questioned the validity of the Holm holding, that photographs transmitted to counsel to assist him in defending an action were within the attorney-client privilege, and determined that the work product privilege was not the law of California. (Greyhound Corp. v. Superior Court, supra, 56 Cal.2d at pp. 398-401, 15 Cal.Rptr. 90, 364 P.2d 266.) In Suezaki the Supreme Court took another step to reduce the protection for work product. It stated that "simply because the subject matter sought to be discovered is the "work product' of the attorney it is not privileged." (Suezaki v. Superior Court, supra, 58 Cal.2d at p. 177, 23 Cal.Rptr. 368, 373 P.2d 432.)
Whereas after Holm certain work product had been absolutely privileged, after Greyhound and Suezaki work product was only one factor to be used by the trial court in the exercise of its discretion in determining whether or not discovery should be granted. (Suezaki v. Superior *185 Court, supra, 58 Cal.2d at p. 178, 23 Cal. Rptr. 368, 373 P.2d 432.) The development of the work product doctrine in California prevented incorporating federal decisions. (See Pruitt, Lawyers' Work Product, supra, 37 State Bar J. at pp. 233-236.) Therefore, work product was not protected under Hickman, and its protection was only available where the material sought to be produced fit under the attorney-client privilege umbrella. (See Greyhound Corp. v. Superior Court, supra, 56 Cal.2d at pp. 399-00, 15 Cal. Rptr. 90, 364 P.2d 266; see also Suezaki v. Superior Court, supra, 58 Cal.2d at pp. 177-178, 23 Cal.Rptr. 368, 373 P.2d 432.)
In response to these decisions, the California State Bar sponsored an amendment to the Discovery Act to create a separate privilege for materials prepared in anticipation of litigation. The proposed amendment provided: "[I]t is the policy of this state (i) to preserve the rights of parties and their attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to so limit discovery that one party or his attorney may not take undue advantage of this [sic ] adversary's industry or efforts. Accordingly, the following shall not be discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing his claim or defense or will result in an injustice: [¶] (1) The work product of an attorney...." (Committee Report-Administration of Justice (1962) 37 State Bar J. 585, 586-587, italics added.)
The State Bar proposed the amendment to "... protect the lawyer's normal work processes ... [and] to establish a more desirable balance between `discovery' and the right of litigants and prospective litigants to obtain advice of experts, make investigations and do other acts, without fear of unlimited or indiscriminate disclosures to, and use by adversaries." (Committee Report-Administration of Justice, supra, 37 State Bar J. at p. 586, italics added.) Moreover, "... discovery may be limited or denied when the facts indicate that `one litigant is attempting to take advantage of the other' or that there is `an abusive attempt to "ride free" on the opponent's industry.' [Citation.]" (Id. at p. 588, italics added.)
In 1963, the Legislature adopted the State Bar's amendment almost verbatim. The amendment reiterated the need to protect the privacy and work efforts of attorneys. (Former Code Civ. Proc, § 2016, subds. (b) & (g), amended by Stats.1990, ch. 207, § 1, pp. 1364-1395.) Since 1963, excluding some cosmetic changes, what is now section 2018 has not changed. "In the absence of any indication of legislative intent ... [the] court should consider the general purpose of the statute, as well as the consequences of alternative constructions, as guides to interpretation." (In re Marriage of Harris (1977) 74 Cal.App.3d 98, 101-102, 141 Cal. Rptr. 333.) Since the Legislature enacted the State Bar's proposal almost verbatim, the State Bar's report may be used as an interpretive aid. (See, e.g. Sales v. Stewart (1933) 134 Cal.App. 661, 664, 26 P.2d 44.) The report expresses concern over litigants, as well as of attorneys, having unrestrained access by their opponents to materials prepared in anticipation of litigation.
Section 2018's stated purpose and the underlying reasons for its creation emphasize the need to "limit[ ] discovery so that `the stupid or lazy practitioner may not take undue advantage of his adversary's efforts....'" (Pruitt, Lawyers' Work Product, supra, 37 State Bar J. at pp. 240-241.) Such a policy is important not only for attorneys, but also for litigants acting in propria persona. A litigant needs the same opportunity to research relevant law and to prepare his or her case without then having to give that research to an adversary making a discovery request. *186 Case Law Supports Applying the Privilege to Unrepresented Litigants
Real party in interest relies primarily on Lohman v. Superior Court (1978) 81 Cal. App.3d 90, 146 Cal.Rptr. 171 to support his proposition that an attorney is the only holder of the work product privilege. In Lohman, the defendant sought to obtain the deposition of the plaintiffs former attorney including the attorney's opinions formed while representing plaintiff. Plaintiff objected, asserting both the attorneyclient and the work product privileges. The deponent-attorney testified, nevertheless. Lohman held that, because the work product privilege belongs to attorneys if they, as holders of the privilege, were willing to waive it, then former clients could not validly assert the privilege. (Id. at pp. 100-101, 146 Cal.Rptr. 171.)
However, Lohman is not analogous to the present situation. The Lohman court analyzed the issue in the context of a client trying to prevent his attorney from disclosing the latter's work product. (Lohman v. Superior Court, supra, 81 Cal.App.3d 90, 146 Cal.Rptr. 171.) Here, the litigant is not asserting the privilege as a client, but rather as one performing the functions of an attorney. Protecting the right of a litigant appearing in propria persona to create work product is consistent with the Lohman court's rationale of protecting the attorney's labor from discovery. (Id. at p. 101, 146 Cal.Rptr. 171.)
In Mack v. Superior Court (1968) 259 Cal.App.2d 7, 66 Cal.Rptr. 280, which was decided after the 1963 amendment created an explicit work product privilege, the court stated, "[t]he work product privilege was created for the protection of the client as well as the attorney...." (Id at p. 10, 66 Cal.Rptr. 280.) Lohman v. Superior Court, supra, 81 Cal.App.3d 90, 146 Cal. Rptr. 171, disagreed with this statement, but Fellows v. Superior Court, supra, 108 Cal.App.3d 55, 166 Cal.Rptr. 274, criticized Lohman for misreading Mack. Fellows notes, "[t]he language of Mack to the effect that the privilege was created in the interest of protecting the client as well as the attorney provides a basis for a judicial interpretation of ... section [2018] to permit a client to claim the attorney's workproduct privilege whenever the attorney is not present to claim it himself." (Fellows v. Superior Court supra, 108 Cal.App.3d at p. 64, 166 Cal.Rptr. 274.) The reasoning in Fellows reinforces the rationale that the work product privilege is intended for the protection of litigants, not just attorneys.
In interpreting section 2018, California courts have looked to its intended purpose when determining who may assert a work product privilege. For example, several cases have held that a party who was previously represented by an attorney has standing to assert a privilege as to the attorney's work product as a means of furthering the statute's intended purpose. (BP Alaska Exploration, Inc. v. Superior Court (1988) 199 Cal.App.3d 1240, 1257, 245 Cal.Rptr. 682; Fellows v. Superior Court, supra, 108 Cal.App.3d at pp. 64-65, 166 Cal.Rptr. 274; see also Mack v. Superior Court (1968) 259 Cal.App.2d 7, 10, 66 Cal.Rptr. 280.) "[T]he work product privilege... exist[s] ... to promote the adversary system." (BP Alaska Exploration, Inc. v. Superior Court, supra, 199 Cal. App.3d at p. 1256, 245 Cal.Rptr. 682.) Allowing litigants appearing in propria persona to assert the privilege furthers that purpose.

Other Considerations Do Not Militate Against Applying the Privilege to Unrepresented Litigants
Real party argues a litigant appearing in propria persona should not be entitled to a work product privilege because, unlike a licensed attorney, such a litigant is not an officer of the court and is not subject to discipline for violating discovery orders. Although a litigant appearing in propria persona is not subject to discipline by the State Bar, the trial court may grant sanctions for failure to obey a discovery order. (See § 2017.)
*187 Real party next contends that granting a work product privilege to litigants appearing in propria persona would curtail discovery. He argues that, because parties in a suit generally have the most information, allowing a litigant to assert a work product privilege would unfairly limit the discovery efforts of the opposing party acting with an attorney. In making this argument, real party assumes that a litigant appearing in propria persona would be given carte blanche to limit discoverable material. Not so. Since "work product" is not defined, whether specific material is work product must be resolved on a case-by-case basis. (City of Long Beach v. Superior Court (1976) 64 Cal.App.3d 65, 71, 134 Cal.Rptr. 468.) If the material sought would be subject to discovery from a represented party, it will be discoverable from a litigant appearing in propria persona.
In determining whether particular matter is privileged as work product, the reviewing court should be guided by the underlying policies of section 2018. Specifically, the policy of promoting diligence in preparing one's own case, rather than depending on an adversary's efforts. A practical guide for ascertaining its scope is found in Mack v. Superior Court, supra, 259 Cal.App.2d at pp. 10-11, 66 Cal.Rptr. 280 and Fellows v. Superior Court, supra, 108 Cal.App.3d at pp. 69-70, 166 Cal.Rptr. 274. In Mack, the court indicated that material of a derivative character, such as diagrams prepared for trial, audit reports, appraisals, and other expert opinions, developed on the initiative of counsel in preparing for trial, are protected as work product. (Mack v. Superior Court, supra, 259 Cal.App.2d at pp. 10-11, 66 Cal.Rptr. 280; see also Fellows v. Superior Court, supra, 108 Cal.App.3d at pp. 69-70, 166 Cal.Rptr. 274.)
An in camera review is the proper method for determining whether specific items are subject to a work product privilege. (See Wellpoint Health Networks, Inc. v. Superior Court (1997) 59 Cal. App.4th 110, 119, 68 Cal.Rptr.2d 844; BF Alaska Exploration, Inc. v. Superior Court, supra, 199 Cal.App.3d at p. 1261, 245 Cal.Rptr. 682.) If the material is not absolutely privileged under section 2018, subdivision (c), the party seeking discovery may obtain discovery by showing that denial of such discovery would "unfairly prejudice the party ...." (§ 2018, subd. (b).)
Despite real party in interest's contentions, the policy rationale for section 2018 supports interpreting the statute as protecting the work product of an unrepresented litigant.

DISPOSITION
Without determining whether the diary is in fact work product, we hold that in propria persona litigants may assert section 2018's work product privilege. Since the trial court's ruling was based on the conclusion that petitioner was not entitled to assert the work product privilege, we remand the matter to that court to conduct an in camera review of the diary to determine whether it contains matter which is privileged under section 2018. (See procedure outlined in National Steel Products Co. v. Superior Court (1985) 164 Cal. App.3d 476, 489-190, 210 Cal.Rptr. 535, and Fellows v. Superior Court, supra, 108 Cal.App.3d at p. 68, 166 Cal.Rptr. 274.) Our stay order is vacated and, the alternative writ is discharged.
CROSBY, Acting P.J., and BEDSWORTH, J., concur.