Filed 10/1/14  Mousavi v. Woodburn CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MORVARID MARY MOUSAVI,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>JAMES D. WOODBURN III,<br><br>  Defendant and Respondent. | 2d Civil No. B251529<br>(Super. Ct. No. 56-2012-00418964-CU-MM-VTA)<br>(Ventura County) |

　　　　　This action arises from an intra-operative injury allegedly sustained by appellant Morvarid Mary Mousavi during a procedure performed by respondent James D. Woodburn III, M.D.  Mousavi sued Dr. Woodburn for medical malpractice, assault and battery, false imprisonment and related claims.  After successfully demurring to all but the medical malpractice claim, Dr. Woodburn moved for summary judgment.  He submitted expert evidence that his participation in the surgery did not require Mousavi's advance express consent and that his treatment was within the standard of care and did not cause her claimed injuries.  Mousavi offered no expert evidence in response.  Concluding she had failed to raise a triable issue of material fact, the trial court granted summary judgment.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

　　　　　Mousavi consulted with Dr. Terry Cole, a board-certified specialist in obstetrics and gynecology (OB/GYN), regarding various gynecological issues.  Dr. Cole

determined Mousavi suffered from uterine fibroids, ovarian cysts and excessive menstrual bleeding. Her past surgical history included multiple caesarean sections, an ectopic pregnancy, bowel resection and abdominoplasty (tummy tuck).

Mousavi elected to have Dr. Cole perform a total abdominal hysterectomy and removal of her remaining ovary. When she arrived at Community Memorial Hospital (CMH) for the procedure, Mousavi signed the surgical consent, which stated: "The operations or procedures will be performed by the supervising physician or surgeon named above [Dr. Cole] (or in the event that physician is unable to perform or complete the procedure, a qualified substitute supervising physician or surgeon) . . . ." Dr. Cole asked Dr. Woodburn, a general surgeon, to assist with the surgery.

Dr. Cole performed the initial incision to open the abdomen, but was unable to identify the pelvic structures due to extensive adhesions and scar tissue from Mousavi's past surgeries. Because he could not safely remove the uterus and ovary at that point, Dr. Cole requested Dr. Woodburn's assistance. Dr. Woodburn performed extensive lysis of the adhesions and scar tissue to expose the pelvic structure for Dr. Cole. Once this process was completed, Dr. Cole removed the uterus and right ovary. Dr. Woodburn closed the surgical wound.

Against medical advice, Mousavi discharged herself from CMH two days later. She returned to the hospital that same evening and was re-admitted for pain complaints. A few hours later, before she could be fully evaluated, Mousavi again discharged herself against medical advice. She went to Los Robles Regional Medical Center, where she was diagnosed with a distal right ureter injury. She underwent a successful ureter re-implantation the next day.

Mousavi filed a complaint in pro per against Dr. Woodburn and CMH for medical malpractice, assault and battery, and negligent infliction of emotional distress by gross negligence. She alleged Dr. Woodburn committed malpractice by failing to obtain her consent prior to assisting with the surgery and by causing the ureter injury. Dr. Woodburn demurred to the complaint. While that demurrer was pending, Mousavi filed a first amended complaint against Dr. Woodburn, CMH and several other defendants

alleging (1) aggravated assault, (2) assault and battery of a high and aggravated nature, (3) false imprisonment, (4) fraud, (5) breach of duty, (6) gross negligence, (7) negligent and intentional infliction of emotional distress and (8) medical malpractice. Dr. Woodburn demurred to the first seven causes of action. The trial court sustained the demurrer without leave to amend. Because Mousavi had filed a second amended complaint, the court clarified that only the cause of action for medical malpractice remained against Dr. Woodburn.

Dr. Woodburn moved for summary judgment on the medical malpractice claim, based on the expert witness testimony of surgeon Barry Gardiner, M.D. Mousavi opposed the motion, but submitted no expert testimony to contradict Dr. Gardiner's opinions. She relied on various medical records and her lay opinion as to the standard of care and causation.

The trial court granted the motion and entered judgment for Dr. Woodburn, plus costs. The court noted that because the matters in controversy are beyond the common understanding of laypersons, Dr. Woodburn's compliance or non-compliance with the standard of care may be proven only through a qualified medical expert. It concluded that Dr. Woodburn had made the requisite prima facie showing, through Dr. Gardiner's expert declaration, that his participation in Mousavi's surgery did not require her advance consent, that his surgical actions and subsequent care were within the applicable standard of care and that his actions were not a proximate cause of her claimed injuries. In the absence of any contradictory expert evidence, the court found Mousavi had failed to demonstrate a triable issue of material fact.

Dr. Woodburn filed a timely memorandum of costs in the amount of $4,456.15. When Mousavi did not object to the memorandum or move to tax the costs, the trial court amended the judgment to include those costs. Mousavi appeals.[1]

---

[1] Dr. Woodburn is the only respondent in this appeal. The trial court also granted motions for summary judgment filed by CMH and Dr. Michael Green. Mousavi's appeals from those judgments (Case Nos. B255498, B258195) are awaiting preparation of the record.

DISCUSSION

Mousavi purports to appeal both the demurrer and the summary judgment rulings, but her briefs are confusing and disjointed in many respects. Aside from occasional references to "battery," Mousavi does not address the claims that were dismissed on demurrer. Nor does she suggest how the complaint could be amended to correct the pleading deficiencies. She also makes a number of factual and legal assertions without explaining their significance to the trial court's rulings or providing adequate supporting authority. In some instances, she simply poses a question (e.g., "Should the Attorney representing the Health care provider be held to the same standards as the Health care professional in matters involving privacy?") without offering any explanation or discussion.

It is appellant's burden to affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) That Mousavi is self-represented does not change this burden. (*Dowden v. Superior Court* (1999) 73 Cal.App.4th 126, 129-130; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) We are not required to examine undeveloped claims or to make arguments for the parties. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [reviewing court may disregard contentions not adequately briefed, e.g., claims perfunctorily asserted without development]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [appellate court not required to consider points not supported by citation to authorities or record].) Accordingly, we confine our discussion to Mousavi's appeal from the grant of summary judgment and award of costs.

*Standard of Review*

We review the trial court's decision granting summary judgment de novo (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860), applying the same three-step analysis required of the trial court. (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1431-1432.) After identifying the issues framed by the pleadings, we determine whether the moving party has established facts justifying judgment in its favor. If the moving

4

party has carried its initial burden, we then decide whether the opposing party has demonstrated the existence of a triable issue of material fact. (*Id.* at p. 1432.) We strictly construe the moving party's evidence and liberally construe the opposing party's evidence. (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 838-839; Code Civ. Proc., § 437c, subd. (c).) A triable issue of material fact exists if the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. (*Aguilar*, at p. 850.)

*Medical Malpractice*

To prove a medical malpractice claim, the plaintiff must establish the applicable standard of care and a breach of that standard. (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 607; *Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 122 (*Powell*).) "Because the standard of care in a medical malpractice case is a matter 'peculiarly within the knowledge of experts' [citation], expert testimony is required to 'prove or disprove that the defendant performed in accordance with the standard of care' unless the negligence is obvious to a layperson." (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 305.) Similarly, "'[c]ausation must be proven within a reasonable medical probability based upon competent expert testimony. . . .'" (*Dumas v. Cooney* (1991) 235 Cal.App.3d 1593, 1603; *Bromme v. Pavitt* (1992) 5 Cal.App.4th 1487, 1498 [competent expert testimony necessary to establish negligent conduct caused patient's injury].)

Mousavi asks this court "to review the facts reasonably understood by reasonable laymen." But that is not the requisite standard. A medical malpractice defendant who supports a summary judgment motion with applicable expert declarations "'. . . is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence.'" (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 985 (*Munro*); *Powell, supra,* 151 Cal.App.4th at p. 123.) Dr. Woodburn submitted the declaration of Dr. Gardiner, a board-certified general surgeon, who opined that (1) the standard of care did not require Mousavi's advance express consent to Dr. Woodburn's participation in the surgery, (2) the treatment provided by Dr. Woodburn conformed to

5

the standard of care, and (3) Dr. Woodburn's actions did not cause the injury to the ureter. As to the latter issue, Dr. Gardiner explained that the ureteral injury was not in the anatomic area where Dr. Woodburn had performed the adhesiolysis and closure of the surgical wound.

Mousavi did not raise any substantive evidentiary objections to Dr. Gardiner's declaration or establish he was incompetent to provide expert opinion on these issues.[2]  (See Evid. Code, § 720, subd. (a); Code Civ. Proc., § 437c, subd. (b)(5) ["Evidentiary objections not made at the hearing shall be deemed waived"].)  Nor did she demonstrate that the facts identified as the bases for Dr. Gardiner's opinion were not the salient facts from her medical records.  Mousavi's beliefs as a layperson were insufficient to raise a triable issue as to either the standard of care or causation.  (*Munro*, *supra,* 215 Cal.App.3d at p. 985; *Powell*, *supra,* 151 Cal.App.4th at p. 123.)  In the absence of any conflicting expert testimony, the trial court properly granted summary judgment for Dr. Woodburn.  (*Munro,* at p. 985.)

Mousavi suggests the trial court should have invoked its authority under Evidence Code section 730[3] to appoint an expert to respond to Dr. Gardiner's declaration. Although Mousavi referenced this statute in her opposition to the summary judgment motion, she did not request appointment of an expert.  Nor did she raise the issue at the

---

[2] Mousavi did raise procedural objections to Dr. Woodburn's evidence, claiming it was not appropriately bound with a table of contents and incorporated an improper citation format.  (See Cal. Rules of Ct., rule 3.1350(d), (g).)  The law favors substance over form.  (Civ. Code, § 3528.)  Even if there was a technical procedural violation, it did not hinder the trial court's review of the evidence or prevent Mousavi from seeking responsive expert evidence.  At the hearing, Mousavi admitted she had consulted with at least two physicians but was "having a very difficult time" obtaining an expert opinion. She stated that one physician had sent her an e-mail but was "hesitant to present as an expert."

[3] Evidence Code section 730 states:  "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which the expert evidence is or may be required. The court may fix the compensation for these services, if any, rendered by any person appointed under this section, in addition to any service as a witness, at the amount as seems reasonable to the court."

hearing on the motion.  Consequently, the issue was waived.  (See *Ventura v. ABM Industries Inc.* (2012) 212 Cal.App.4th 258, 265 [failure to seek ruling from trial court forfeited issue on appeal].)

### *Award of Costs*

Mousavi challenges the amount of the costs award, claiming the trial court improperly allowed fees for a medical expert who did not provide a declaration in the summary judgment proceeding.  By failing to object to Dr. Woodburn's memorandum of costs in the trial court, Mousavi has waived the issue on appeal.  (*Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1409; *Oak Grove School Dist. v. City Title Ins. C*o. (1963) 217 Cal.App.2d 678, 698 [party who neglects to file timely or proper objection to memorandum of costs waives right to object].)

### DISPOSITION

The judgment is affirmed.  Respondent shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


                              PERREN, J.
We concur:



        GILBERT, P. J.



        YEGAN, J.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Morvarid Mary Mousavi, in pro. per., for Appellant.

Boyce Schaeffer LLP, Karen A. Newcomb for Respondent.