Filed 9/16/15  Mousavi v. Community Memorial Health System CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MORVARID MARY MOUSAVI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COMMUNITY MEMORIAL HEALTH SYSTEM,<br><br>    Defendant and Respondent. | 2d Civil No. B255498<br>(Super. Ct. No. 56-2012-00418964-CU-MM-VTA)<br>(Ventura County) |

Morvarid Mary Mousavi sued Community Memorial Health System, dba Community Memorial Hospital (CMH) and others for injuries she purportedly sustained during and after a surgical procedure.  CMH successfully demurred to all but the medical malpractice claim and moved for summary judgment.  It submitted expert evidence that its treatment was within the applicable standard of care and did not cause Mousavi's claimed injuries.  Mousavi offered no admissible expert evidence in response.  Concluding she had failed to raise a triable issue of material fact, the trial court granted summary judgment.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Mousavi consulted with Dr. Terry Cole, a board-certified specialist in obstetrics and gynecology.  He determined Mousavi suffered from uterine fibroids, ovarian cysts and excessive menstrual bleeding.  Her past surgical history included

multiple caesarean sections, an ectopic pregnancy, bowel resection and abdominoplasty (tummy tuck).

Mousavi elected to have Dr. Cole perform a total abdominal hysterectomy and right ovary removal. He made the initial incision to open the abdomen, but was unable to identify the pelvic structures due to extensive adhesions and scar tissue from Mousavi's past surgeries. Because he could not safely remove the uterus and ovary at that point, Dr. Cole requested Dr. James D. Woodburn's assistance. Dr. Woodburn performed extensive lysis of the adhesions and scar tissue to expose the pelvic structure. Once this process was completed, Dr. Cole removed the uterus and ovary. Dr. Woodburn closed the surgical wound without any reported complications.

While recovering in the post-anesthesia surgical care unit, Mousavi began yelling, acting out and complaining of intense pain. She repeatedly got out of bed unassisted so that she could leave the floor to smoke. Following an argument with her husband, Mousavi was found in a fetal position on the floor. She continued to yell at the nurses and staff members. A CMH social worker was called in to assist her.

Notwithstanding her behavior, the nurses and support staff managed to monitor Mousavi's vital signs and to follow all doctors' orders, including pain medication administration. Two days after admission, Mousavi discharged herself against medical advice. She returned to CMH that same evening and was seen by Dr. Alex Kowblansky in the emergency department. The on-call gynecologist, Dr. Michael Green, re-admitted her for pain complaints. She continued to yell and act out, causing Dr. Green to order a psychiatric consult. A few hours later, before she could be fully evaluated, Mousavi again discharged herself against medical advice. She took a taxi to another hospital, where she was diagnosed with a distal right ureter injury. She underwent a successful ureter re-implantation the next day.

Mousavi filed a first amended complaint against CMH, Dr. Woodburn, Dr. Green, Dr. Kowblansky and several other defendants alleging (1) aggravated assault, (2) assault and battery of a high and aggravated nature, (3) false imprisonment, (4) fraud, (5) breach of duty, (6) gross negligence, (7) negligent and intentional infliction of emotional

2

distress and (8) medical malpractice. CMH demurred to all eight causes of action. The trial court sustained the demurrer as to all but the medical malpractice claim. The trial court subsequently granted CMH's motion for summary judgment, concluding that CMH had established that no triable issue of material fact exists as to both liability and causation, and that Mousavi cannot show that CMH breached the standard of care.[1] Mousavi appeals.

## DISCUSSION

Mousavi, who is self-represented, purports to appeal both the demurrer and summary judgment rulings, but her opening brief is confusing and disjointed in most respects. Mousavi does not address the claims that were dismissed on demurrer. Nor does she suggest how the complaint could be amended to correct the pleading deficiencies. She also makes a number of factual and legal assertions without explaining their significance to the trial court's rulings or providing adequate supporting legal authority or citations to the record. In some instances, she simply poses a question (e.g., "Why is expert testimony required in this matter?") without offering any further explanation or discussion.

Judgments are presumed correct and it is the appellant's burden to affirmatively demonstrate error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) That Mousavi is self-represented does not change this burden. (*Dowden v. Superior Court* (1999) 73 Cal.App.4th 126, 129-130; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) We are not required to examine undeveloped claims or to make arguments for the parties. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [appellate court not required to consider points not supported by citation to authorities or record].)

---

[1] The trial court also granted motions for summary judgment filed by Drs. Woodburn and Green. We affirmed the summary judgment in Dr. Woodburn's favor. (*Mousavi v. Woodburn* (Oct. 1, 2014, B251529) [nonpub. opn.].) Her two appeals from the summary judgment in Dr. Green's favor were dismissed for failure to file opening briefs. (*Mousavi v. Green* (May 12, 2015, B259296); *Mousavi v. Green* (Mar. 26, 2015, B258195).) CMH is the only respondent in this appeal.

Although we could affirm the summary judgment on the basis that Mousavi has failed to present understandable, persuasive or supported arguments on appeal, we are mindful that important rights are at stake. (See Cal. Rules of Court, rule 8.204(a)(1); see *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856-857.) We therefore have examined the record for evidentiary and legal support for the summary judgment.

*Standard of Review*

We review the trial court's decision granting summary judgment de novo (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860), applying the same three-step analysis required of the trial court. (*Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1431-1432.) After identifying the issues framed by the pleadings, we determine whether the moving party has established facts justifying judgment in its favor. If the moving party has carried its initial burden, we then decide whether the opposing party has demonstrated the existence of a triable issue of material fact. (*Id.* at p. 1432.) We strictly construe the moving party's evidence and liberally construe the opposing party's evidence. (*Binder v. Aetna Life Ins. Co.* (1999) 75 Cal.App.4th 832, 838-839.) A triable issue of material fact exists if the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. (*Aguilar*, at p. 850.)

*Medical Malpractice Claim*

To prove a medical malpractice claim, the plaintiff must establish the applicable standard of care and a breach of that standard. (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 607; *Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 122 (*Powell*).) "Because the standard of care in a medical malpractice case is a matter 'peculiarly within the knowledge of experts' [citation], expert testimony is required to 'prove or disprove that the defendant performed in accordance with the standard of care' unless the negligence is obvious to a layperson." (*Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 305.) Similarly, "'[c]ausation must be proven within a reasonable medical probability based upon competent expert testimony. . . .'" (*Dumas v. Cooney*

4

(1991) 235 Cal.App.3d 1593, 1603; *Bromme v. Pavitt* (1992) 5 Cal.App.4th 1487, 1498 [competent expert testimony necessary to establish negligent conduct caused patient's injury].)

A medical malpractice defendant who supports a summary judgment motion with applicable expert declarations "'. . . is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence.'" (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 984-985; *Powell, supra,* 151 Cal.App.4th at p. 123.) CMH's moving papers offered the declarations of Robert T. Goldweber, M.D. (emergency medicine), Michael J. Gitlin, M.D. (psychiatry), James Dunn, M.D. (surgery) and Margaret Cote, R.N. (nursing) to establish that the care and treatment provided by CMH met the standard of care and did not cause or contribute to her alleged injuries. Mousavi responded by (1) requesting a stay pending her appeal of the summary judgment in Dr. Woodburn's favor or additional time to oppose the motion, (2) objecting to all of CMH's evidence and (3) submitting the declaration of Janet Blok Scott, R.N., a nurse from Arkansas. Mousavi did not submit a separate statement in opposition or any evidence other than Nurse Scott's declaration.

Where, as here, a moving party makes the required prima facie evidentiary showing, the failure to file a responsive separate statement may, in the court's discretion, constitute a sufficient ground for granting the motion. (Code Civ. Proc., § 437c, subd. (b)(3); *Oldcastle Precast, Inc. v. Lumbermens Mut. Cas. Co.* (2009) 170 Cal.App.4th 554, 568; *Batarse v. Service Employees Internat. Union, Local 1000* (2012) 209 Cal.App.4th 820, 831-833.) Although the trial court discussed and could have invoked this rule, it exercised its discretion to resolve the motion on the evidence presented.

The standard of care in medical malpractice cases is the reasonable degree of skill, knowledge and care ordinarily possessed and exercised by members of the medical profession under similar circumstances. (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 36; see Evid. Code, § 720, subd. (a).) The test for determining familiarity with the standard of care is knowledge of similar conditions. (*Sinz v. Owens* (1949) 33 Cal.2d

749, 756; see *Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 470.)

Mousavi did not present any expert evidence on the standard of care for physicians. Nurse Scott opined in her declaration that CMH violated the standard of care for nurses in an acute care setting by failing to assess and appropriately respond to Mousavi's complaints of pain and to certain critical laboratory results. She stated that "[t]hese failures on the part of [CMH] resulted in a failure to identify and treat postoperatively anemia and acute renal failure from an obstructed disconnected ureter."

Respondents contend that Nurse Scott's declaration is insufficient to demonstrate the existence of a triable issue of material fact. We agree. First, it did not establish that Nurse Scott is familiar with the standard of care for nursing in this community. She is licensed in Arkansas but has never been licensed in California. She also has not worked in an acute care hospital setting since 1976. Second, her declaration offered nothing more than her ultimate conclusions. "[A]n expert's opinion rendered without a reasoned explanation of why the underlying facts lead to the ultimate conclusion has no evidentiary value because an expert opinion is worth no more than the reasons and facts on which it is based." (*Powell, supra,* 151 Cal.App.4th at p. 123, citations and internal quotes omitted; see Evid. Code, §§ 801, 802, 803; *Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 523.) Finally, Nurse Scott's declaration neglected to lay the foundation for her qualifications to state an opinion as to causation. (See *Bromme v. Pavitt*, *supra,* 5 Cal.App.4th at p. 1498.) For these reasons, Mousavi's medical malpractice claim fails as a matter of law.[2]

Mousavi contends the trial court should have invoked its authority under Evidence Code section 730 to appoint an expert to respond to CMH's expert evidence. Mousavi's opposition did not request appointment of an expert; nor did she raise the issue at the hearing on the motion. Consequently, the issue was waived. (See *Ventura v. ABM*

---

[2] Mousavi suggests that Drs. Cole, Woodburn and Green are the "ostensible agents" of CMH and that CMH is liable for their actions on that basis. Mousavi did not, however, present any evidence or reasoned argument on this issue.

*Industries Incorporated* (2012) 212 Cal.App.4th 258, 265 [failure to seek ruling from trial court forfeited issue on appeal].)

 The trial court also did not abuse its discretion by denying Mousavi's requests to stay the motion for summary judgment or to otherwise extend the time for her to oppose it. She filed no declaration supporting either request and made no showing that a stay would be appropriate or that a continuance would result in the receipt of facts essential to opposing the motion. (See *Ace American Ins. Co. v. Walker* (2004) 121 Cal.App.4th 1017, 1023; *Combs v. Skyriver Communications, Inc.* (2008) 159 Cal.App.4th 1242, 1269-1270.) We conclude the motion was properly granted.

DISPOSITION

 The judgment is affirmed. Respondent shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Mark Borrell, Judge

Superior Court County of Ventura

_____

Morvarid Mary Mousavi, in pro. per., for Plaintiff and Appellant.

Clinkenbeard, Ramsey, Spackman & Clark, LLP, Barbara A. Carroll, for Defendant and Respondent.