Filed 3/30/26  Nizam v. Dignity Health CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| EDRISS NIZAM, | C101888 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2023-00335223-CU-MM-GDS) |
| v. | |
| DIGNITY HEALTH, | |
| Defendant and Respondent. | |

After Edriss Nizam sued Dignity Health for medical malpractice, the trial court granted Dignity Health's motion for summary judgment.  Nizam's contentions on appeal are forfeited because he has not complied with the rules of appellate procedure.  Nevertheless, in the interests of justice, we will explain why one claim that he appears to raise lacks merit.  Accordingly, we affirm.

1

BACKGROUND

Nizam filed a medical malpractice claim against Dignity Health. In July 2024, the trial court granted Dignity Health's motion for summary judgment, ruling Nizam failed to raise a triable issue of material fact on the question whether Dignity Health staff breached the standard of care that they owed to him as medical professionals. Specifically, and relying on *Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, the trial court reasoned that because Dignity Health introduced the declaration of a medical expert that showed the applicable standard of care was met in this case, Nizam's failure to introduce his own expert declaration evidencing breach of the standard of care precluded him from demonstrating a triable issue of material fact. Nizam filed a timely notice of appeal.

DISCUSSION

I

*Appellant's Burden*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Each point in an appellant's brief must be clearly identified by a heading. (Cal. Rules of Court, rule 8.204(a)(1)(B) ["State each point under a separate heading or subheading summarizing the point"]; *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].) And an appellant must provide an adequate record for appellate review. (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) "We are not required to examine

2

undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

These rules apply here, even though Nizam is representing himself, as "self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; see *Dowden v. Superior Court* (1999) 73 Cal.App.4th 126, 129-130.)

II

*Nizam's Contentions Are Forfeited*

Nizam has not complied with the rules referenced above. His opening brief does not state each point under a separate heading. And to the extent there is any meaningful legal analysis, it is not supported by citations to authority and the record. Speaking of the record, it is inadequate because it contains neither Dignity Health's motion for summary judgment nor Nizam's opposition to that motion. We cannot determine if the trial court incorrectly granted a motion for summary judgment if neither the motion nor the opposition are in the record on appeal. Accordingly, we deem all of Nizam's appellate contentions forfeited.

III

*We Will Address One Claim in the Interests of Justice*

In the interests of justice, we will discuss one forfeited claim that is discernible and that Nizam supports with some analysis and citation to authority.

Invoking *People v. Garcia* (2016) 5 Cal.App.5th 640 and Evidence Code section 730 (hereafter section 730) for support, Nizam appears to contend the trial court erred by declining to appoint a medical expert to assist him in opposing Dignity Health's motion for summary judgment because the trial court previously granted his request for a waiver of court fees and fees for court-appointed experts. The claim is not persuasive.

In relevant part, section 730 provides: "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the

3

court or by any party to the action, the court on its own motion or on motion of any party *may* appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which the expert evidence is or may be required." (Italics added.)

*Garcia* discusses the proposition that section 730 " 'provides for appointment of ancillary services at public expense for indigent criminal defendants' " in noncapital cases only as to issues *relating to guilt*. (*People v. Garcia*, *supra*, 5 Cal.App.5th at p. 655.)

Neither *Garcia* nor section 730 stands for the proposition that a trial court must appoint an expert to assist a plaintiff in a civil action who is opposing a motion for summary judgment and has obtained a waiver of court fees. Furthermore, assuming for the sake of argument that a trial court might have authority to consider such an appointment, the opportunity to do so would be triggered by a timely motion for appointment of an expert. But it appears here, that Nizam did not make a timely motion.

Accordingly, this claim is not persuasive.

## DISPOSITION

The judgment is affirmed. Dignity Health is entitled to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/  
BOULWARE EURIE, J.

We concur:

/s/  
HULL, Acting P. J.

/s/  
FEINBERG, J.

4